CASE 64—ACTION FOR INJURY CAUSING DEATH—APRIL 29.

# Louisville & Nashville Railroad Co. v. Taaffe's Administrator.

APPEAL FROM GALLATIN CIRCUIT COURT.

106  535
e131  601
135  294

106  535
132  457

1. INSTRUCTIONS PEREMPTORY—CONFLICTING EVIDENCE.—The proof as to the circumstances and conditions under which the decedent lost his life being conflicting it was proper for the court to refuse the peremptory instruction asked for by defendant, and in refusing to enter judgment for the defendant notwithstanding the verdict.

2. EVIDENCE—NUMBER OF DECEDENT'S FAMILY.—In an action to recover damages for an injury resulting in the death of intestate, it was error to permit evidence to go to the jury of the number of the decedent's family; but such evidence can not in this case be held to be prejudicial.

3. INSTRUCTIONS.—The appellant can not complain of the failure of the court to give instructions asked by it when the principles embodied in those instructions were covered by those given by the court.

4. DAMAGES—MEASURE OF.—In an action for damages for negligence resulting in death, the measure of damages is the power of the decedent to earn money and no other element can be considered except in case of gross and wilful negligence.

5. INSTRUCTIONS—MUTUAL DUTIES OF PARTIES WITH REFERENCE TO USE OF RAILROAD TRACK WITHIN A TOWN.—It is the duty of those in charge of a railroad train when

approaching the station to use reasonable and ordinary care to discover any obstruction upon the track and it is their duty also to give timely notice of its approach to the station. They have a right, however, to presume that any person standing or walking upon the track of a railroad will in due time remove himself out of danger or injury and until they discover that such a person, even a trespasser, is oblivious of the danger, they are not required to stop or check the speed of the train. It was the duty of decedent if he had notice of the approach of the train to the station to exercise reasonable care to ascertain the proximity of the train to the station and to be careful not to expose himself to any danger by walking upon or near the track upon which the train was approaching; and it was his duty if he heard the train whistle, indicating its approach to the station, to be on the look-out for the same and to keep himself out of danger. These principles should be embodied in the instructions given to the jury in an action to recover damages for negligence resulting in the death of the plaintiff's decedent.

B. D. WARFIELD FOR THE APPELLANT. (R. B. BROWN AND H. W. BRUCE OF COUNSEL.)

The trial court erred to the prejudice of the substantial rights of the appellant in the following particulars:

1. In overruling the demurrer to the petition.

2. In not carrying the demurrer to the reply back to the petition and sustaining it to the petition.

3. In overruling the appellant's motion for a judgment notwithstanding the verdict.

4. In permitting incompetent testimony to be given in evidence before the jury as to the family and children deceased left, and as to the use of appellant's tracks by persons in crossing from one side of its railroad to the other—not at any station or public crossing.

5. In overruling appellant's motion for a peremptory instruction made at the close of plaintiff's evidence.

6. In overruling appellant's motion for a peremptory instruction made at the close of all of the evidence.

7. In refusing to give instructions A. B. C. D. E. and F. and each of them asked by appellant.

8. In giving, of its own motion, instructions marked 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10, and each of them.

9. And for the further reason that the verdict is wholly contrary to the evidence and is not supported by any or by sufficient evidence, and because it is contrary to law, and contrary to the law and the evidence.

Louisville & Nashville Railroad Co. v. Taaffe's Admr.

Citations: Kent's Admr. v. Deposit Bank, 91 Ky., 70; Embry v. L. & N. R. R. Co., 36 S. W. R., 1123; Wile v. Sweeney, 2 Duv., 161; Young v. Duhme, 4 Met., 239; Martin v. McDonald, 14 B. M., 437; Mitchell v. Vance, 5 Mon., 528; Birney v. Hann, 3 A. K. M., 322; Macklin v. Trustees, &c., 88 Ky., 598; Mitchell v. Mattingly, 1 Met., 239; Bogenschutz v. Smith, 84 Ky., 330; Drake v. Semonin, 82 Ky., 291; 3 Sutherland on Damages, 282; Pierce on Law of Railroads, 393; L. C. & L. R. Co. v. Case's Admr., 9 Bush, 736; Muldraugh's Hill C. & C. T. P. Co. v. Maupin, 79 Ky., 105; L. & N. R. R. Co. v. Kelly's Admr., 19 Ky. Law Rep., 69; Standard Oil Co. v. Tierney, 92 Ky., 377; Reems v. Chicago, &c., R. R. Co., 26 Iowa, 363; Patterson, Railway Accident Law, sec. 372; P. R. v. Powers, 74 Ill., 343; Stevens v. Hannibal, &c., R. Co., 9 S. W. R., 591; Cty of Chicago v. Brennan, 65 Ill., 163; 1 Sedgw. Measure of Damages, 641 and notes; Thompson on Negligence, vol. 2, p. 1263; P. R. Co. v. Roymlon, 2 U. S., 460; Lingenfelter v. L. & N. R. R. Co., 9 Ky. Law Rep., 116; Frances' Admr. v. L. & N. R. R. Co., 15 Ky. Law Rep., 244; L. & N. R. R. Co. v. Krey, 16 Ky. Law Rep., 797; Hoskins' Admr. v. L. & N. R. R. Co., 17 Ky. Law Rep., 78; Brown's Admr. v. L. &. N. R. R. Co., 97 Ky., 228; Gherkins' Admrx. v. L. & N. R. R. Co., 17 Ky. Law Rep., 201; M. & O. R. Co. v. Stroud, 31 A. & E. R. Cases, 443; Bell v. H. & St. J. R. Co., 4 Am. & Eng. R. Cases, 580; Nichols, Admr., v. L. & N. R. R. Co., 9 Ky. Law Rep., 702; O., &c., R. Co. v. Walker, 12 Am. & Eng. R. Cases, 121; L., &c., R. Co. v. Smith, 19 Am. & Eng. R. Cases, 21; Shackelford's Admr. v. L. & N. R. R. Co., 84 Ky., 43; L. & N. R. R. Co. v. Howard's Admr., 6 Ky. Law Rep., 163; John's Admr. v. L. & N. R. R. Co., 10 Ky. Law Rep., 757; K. C. R. Co. v. Gastineau's Admr., 83 Ky., 121; Brown's Admr. v. L. & N. R. R. Co., 97 Ky., 228; Eastern Ky. R. Co. v. Powell, 17 Ky. Law Rep., 1051; Helm v. L. & N. R. R. Co., 17 Ky. Law Rep., 1004; L. & N. R. R. Co. v. Wade, 36 S. W. R., 1125; McDermott v. K. C. Ry. Co., 93 Ky., 408; Smith v. L. & N. R. R. Co., 16 Ky. Law Rep., 887; Vertrees, Admr., v. N. N. & M. V. Co., 95 Ky., 316; Ill. Cent. R. R. Co. v. Dick, 91 Ky., 434; Johnson's Admr. v. L. & N. R. R. Co., 91 Ky., 651; N. N. & M. V. R. R. Co. v. Deuser, 97 Ky., 92; Greshem's Admr. v. L. & N. R. R. Co., 15 Ky. Law Rep., 599; T. H., &c., R. Co. v. Graham, 12 Am. & Eng. R. R. Cases, 77; Gregory v. R. R. Co., 31 Am. & Eng. R. R. Cases, 440; McAllister v. B., &c., R. R. Co., 19 Am. & Eng. R. R. Cases, 108; Scheffler v. M., &c., R. R. Co., 19 Am. & Eng. R. R. Cases, 173; L. & N. R. R. Co. v. Black, 45 Am. & Eng. R. R. Cases, 38; Bell v. R. R. Co., 4 Am. & Eng. R. R. Cases, 580; Henry v. R. R. Co., 12 Am. & Eng. R.

Louisville & Nashville Railroad Co. v. Taaffe's Admr.

R. Cases, 136; Barker v. H., &c., R. Co., 37 Am. & Eng. R. R. Cases, 292; Spicer v. C. & O. R. R. Co., 45 Am. & Eng. R. R. Cases, 28; Rine v. C. & A. R. Co., 25 Am. & Eng. R. R. Cases, 545; Wabash R. Co. v. Jones, 45 N. W. R., 50; L. & N. R. R. Co. v. St. P. & D. Ry. Co., 76 Fed. Rep., 201; Webster's Dict., "Damages"; Fay v. Parker, 53 N. H., 342; 5 Am. & Eng. Ency. of Law, 23, title "Corporations"; L. S. & M. S. R. R. Co. v. Prentice, 147 U. S., 101; Houston, &c., R. R. Co. v. Cowser, 57 Texas, 293; McAdory v. L. & N. R. R. Co., 10 Southern Rep., 507; James v. R. & D. R. Co., 9 Southern Rep., 335; L. & N. R. R. Co. v. Trammell, 9 Southern Rep., 870; Rose v. Des Moines, &c., R. Co., 39 Iowa, 355; Chicago, &c., R. Co. v. Bayfield, 37 Mich., 205; Telfer v. Northern R. Co., 1 Vroom, 188 (30 N. J. Rep.); St. Louis, &c., R. Co. v. Farr, 56 Fed Rep, 994; St. L., &c., R. Co. v. Robbins, 20 S. W. R., 886; 3 Elliott on Railroads, sec. 1152 and cases cited.

EDWARD W. HINES ALSO FOR APPELLANT.    (H. W. BRUCE AND B. D. WARFIELD OF COUNSEL.)

1. Running a train at unusual speed is not negligence as to a trespasser. Shackelford's Admr. v. L. & N. R. R. Co., 84 Ky., 43.

2. If the servants in charge of the train had seen plaintiff's intestate they would have had the right to assume that he would leave the track without further signal, the train being due and a signal of its approach having been given. France's Admr. v. L. & N. R. R. Co., 15 Ky. Law Rep., 244; Nichol's Admr. v. L. & N. R. R. Co., 9 Ky. Law Rep., 702.

3. The contributory negligence of plaintiff's intestate in remaining on the track after a signal of the train's approach had been given without taking any precaution as to his safety entitled defendant to a peremptory instruction. L. & N. R. R. Co. v. Kelly's Admr., 14 Ky. Law Rep., 734; Smith v. L. & N. R. R. Co., 16 Ky. Law Rep., 887; Rupard, &c., v. C. & O. Ry. Co., 88 Ky., 280; Ill. Cent. R. Co. v. Dick, 91 Ky., 434.

4. The instructions were erroneous in requiring defendant's servants to keep a look-out. (See citations in original brief.)

5. The court erred in failing to give the jury any measure of damages. L. & N. R. R. Co. v. Eakin's Admr., 45 S. W. R., 529; Ches. & O. Ry. Co. v. Lang's Admr., 19 Ky. Law Rep., 65; L. & N. R. R. Co. v. Kelly's Admr., 19 Ky. Law Rep., 69.

J. S. GAUNT, THOMAS W. BULLITT, W. S. PRYOR, M. L. DOWNS, CHARLES H. SHEILD, AND WM. MARSHALL BULLITT FOR APPELLEE.

1. It is the duty of a railroad company to keep a look-out as a train runs at the rate of fifty miles an hour into a regular passen-

ger station where it is to stop, in a town of three hundred or four hundred people. L. & N. R. R. Co. v. Vittitoe, 19 Ky. Law Rep., 612; L. & N. R. R. Co. v. Howard, 82 Ky., 212; Shelby v. R. R. Co., 85 Ky., 224; Conley v. Cincinnati, &c., R. R. Co., 89 Ky., 402; L. & N. R. R. Co. v. Potts, 92 Ky., 30; C. & O. Ry. Co. v. Perkins, (Sept., 1898); 3 Elliott on Railroads, sec. 1856 *et seq.*; 8 Am. & Eng. Ency. of Law (2d ed.), 390; 16 Same, 412, 414; 19 Same, 934; 23 Same, 132-135.

2. The measure of damages for a death by negligence is compensation for the injury done, as determined by the "power of the decedent to earn money." L. & N. R. R. Co. v. Berry, 96 Ky., 604; L. & N. R. R. Co. v. Ward, 19 Ky. Law Rep., 1900.

3. The petition is proper in form.

B. D. WARFIELD FILED A BRIEF FOR APPELLANT IN RESPONSE TO THE BRIEF IN BEHALF OF THE APPELLEE.

EDWARD W. HINES FOR APPELLANT IN A PETITION FOR A MODIFICATION OF THE OPINION. (B. D. WARFIELD OF COUNSEL.)

Citations as follows: Nichol's Admr. v. L. & N. R. R. Co., 9 Ky. Law Rep., 702; France's Admr. v. L. & N. R. R. Co., 15 Ky. Law Rep., 244; L. & N. R. R. Co. v. Survant, &c., 19 Ky. Law Rep., 1576; Rupard, &c., v. C. & O. Ry. Co., 88 Ky., 280.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It is alleged in the petition that the decedent, Taafe, was killed by and through the gross and willful carelessness and mismanagement of the servants and agents and employes in control of the appellant's train, and that said train was willfully, negligently, carelessly, and recklessly run against the said Taafe with great force and violence, wounding, bruising, crushing, and mangling him, from the effects of which he then and there died, for which plaintiff claimed damages in the sum of $25,000.

The first paragraph of the answer is a denial of negligence, carelessness, or recklessness on the part of the defendant, etc. The second paragraph is a plea of contributory negligence. The third paragraph avers that the plaintiff's intestate so contributed to the injury by stepping upon or so near defendant's track, in full view and

hearing of one of its approaching trains, and that said train was so close to said Taafe that it was impossible by the exercise of ordinary care by those engaged in operating the train to check or stop its progress in time to prevent said injury, that, but for such contributory negligence on the part of the decedent, the injury would not have happened.

The reply is a traverse of the answer. A jury trial resulted in a verdict for the sum of $5,000 in favor of plaintiff. Thereupon the defendant moved the court to render judgment for it, notwithstanding the verdict, which motion was overruled, and judgment rendered on the verdict.

Thereafter the defendant filed a motion for a new trial upon the following grounds, in substance: (1) The verdict is not sustained by sufficient evidence, and is contrary to law. (2) The verdict is contrary to law. (3) The verdict is contrary to law and the evidence. (4) Damages are excessive, appearing to have been given under the influence of passion and prejudice. (5) Error of the court in overruling defendant's motion for peremptory instruction to the jury to find for plaintiff. (6) Error of the court in overruling defendant's motion for a peremptory instruction at the close of all the testimony. (7) Error of the court in permitting plaintiff, over defendant's objection, to prove the number of the family of deceased. (8) Error of the court in permitting the plaintiff to prove that defendant's track was used by persons to walk upon and across at or near the point where deceased was killed. (9) Because the court erred in refusing to give instructions A, B, C, D, E, and F asked by defendant. (10) Because the court erred in giving instructions designated and marked 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10, given by the court on its own motion.

It appears from the testimony in this case that the plaintiff's intestate was killed by being struck by defendant's train of cars in Sparta, not far from the railroad station. The proof in the record as to the circumstances and conditions under which decedent lost his life is conflicting, and, that being the case, there was no error of the court in refusing the peremptory instruction asked for by the defendant, nor in overruling defendant's motion for a judgment notwithstanding the verdict.

The testimony as to the family left by decedent was incompetent, and should not have been permitted; but we are unable to see that it was prejudicial to the substantial rights of the defendant, and especially so as it was held in the case of L. & N. Railroad Co. v. Kelly's Adm'r [38 S. W., 852], that the widow and children of deceased had a right to be present in court; and, from the brief of appellant, it seems that the widow and children in this case were present in court.

It seems to us that so much of the instructions asked by defendant as correctly presented the law applicable to the case were embodied in the instructions given by the court, and we are not disposed to hold that the court erred in refusing the instructions asked by defendant.

Instruction No. 3 as given by the court seems to authorize the jury to find damages in excess of the power of deceased to earn money, and to that extent may be considered in conflict with the decisions of this court which hold that the criterion of recovery is for the destruction of the power of the decedent to earn money, and that no other element of damages can be considered except in case of gross or willful negligence (the writer of this opinion, however, dissented from the decisions on that question); but the decisions are now the law. Hence it follows that

the instruction in question was erroneous, and doubtless prejudicial to the defendant.

It was the duty of the defendant when approaching the station in the town of Sparta to use reasonable or ordinary care to discover any obstruction upon the track, and it was also the duty of the defendant to give timely and proper notice of its approach to the station. But it also had a right to presume that any person standing or walking upon the track of the railroad would in due time remove himself out of danger of injury, and that, until defendant's agents or servants discovered that such person— even a trespasser—was oblivious of the danger, it was not required to stop or check the speed of the train. It was also the duty of the decedent, if he had notice of the approach of the train to the station, to exercise reasonable care to ascertain the proximity of the train to the station, and to be careful not to expose himself to any danger by walking upon or near the track upon which the train was approaching; and it was his duty, if he heard the train whistle, indicating its approach to the station, to be on the lookout for the same, and to keep himself out of danger. We are not sure that the instructions given sufficiently include or embrace this principle.

It seems to us that the instructions of the court failed to correctly present the law as indicated herein, and for that reason the judgment is reversed, and cause remanded for a new trial upon principles consistent with this opinion.