## Trussle v. Cincinnati, New Orleans & Texas Pacific Railway Co.

(Decided March 11, 1911)

### Appeal from Jessamine Circuit Court.

Fellow Servants.—Laborers in the same gang and reporting to the same foreman, and engaged in the same department and the same grade of a common employment, are fellow-servants notwithstanding the fact that they are working forty feet from each other, and where one is injured by the negligence of the other the master is not liable.

EVERETT B. HOOVER, ROBT. HARDING and E. V. PURYEAR for appellant.

JOHN GALVIN and N. L. BRONAUH for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellant, Silas Trussle, brought this action against appellee, Cincinnati, New Orleans & Texas Pacific Railway Company, to recover damages for personal injuries alleged to have been due to the negligence of said company. At the conclusion of the evidence for appellant the court awarded the railway company a peremptory instruction. To review the propriety of this ruling, Trussle has appealed.

Appellant charged in his petition that "the defendant's servants, who were engaged in work at a point and place about forty feet or more above the place where the plaintiff was directed to go and required to work, and who were out of the sight of this plaintiff, by their gross negligence in shoveling and handling and working at said place aforesaid, caused, suffered and permitted dirt, rock and stone to fall, roll and be thrown down upon the plaintiff, from said place aforesaid, a portion of which rock, stone and dirt struck and severely injured this plaintiff's hand," etc.

Appellant was a laborer in appellee's employ. He belonged to a force of laborers known as Williams' gang. On the morning of September 18, 1909, appellant and Milton Rawlings were put to work tearing loose the forms from some concrete work under High Bridge over the Kentucky river. Herbert Winkle and Dan Reynolds, two other members of the same gang of workmen, and who were that day working under the same foreman, were engaged about forty feet higher up on the cliff in making an excavation in which other concrete work was to be laid in a form. Neither Herbert Winkle nor Dan Reynolds was superior in authority to appellant. When appellant went to work that morning he knew that Winkle and Reynolds had been working where they were employed for several days. He knew that they were throwing rock and dirt from the place where they were at work, and that it was rolling down the cliff and within a few feet of him. Between ten and eleven o'clock in the morning a rock, which was thrown from a shovel handled by Herbert Winkle, who was working on the cliff about forty feet above appellant, rolled down the cliff and struck appellant on the hand, causing the injury complained of. Appellee defended on the ground that appel-

lant and the party causing the injury were fellow-servants.

Here appellant and the servant causing his injury were members of the same gang of laborers and were engaged in a common employment. Appellant was tearing away the wooden form around the concrete structure that had recently been made, while Winkle was engaged in making an excavation in the side of the cliff in which to build another structure. Not only that; they were engaged in the same grade of the common employment, as neither one could receive from or give orders to the other. The fact that they were forty feet apart does not alter the rule. The facts of this case bring it within the rule laid down in Martin v. Mason-Hoge Co., 91 S. W., 1146, and Fort Hill Stone Co. v. Orm's Admr., 84 Ky., 183. Being engaged in the same department of a common employment, and being of equal rank in that employment, appellant and Winkle were fellow-servants. That being true, appellant assumed the risk of the injury, and the railroad company is not liable. It follows that the trial court properly instructed the jury to find for appellee.

Judgment affirmed.