## Schilling v. Andrew Steel Company.

(Decided September 26, 1911.)

### Appeal from Campbell Circuit Court.

Master and Servant—Pleading Negligence—When the petition by a servant against the master to recover damages for personal injuries sustained in the employment merely charges that they were received by the negligence of the master's agents and servants superior in authority to the injured employe, it is not permissible to show as a ground of negligence that the superior servant was incompetent.    If it is desired to rely upon the incompetency of the superior servant as a ground of negligence, the pleading should so state.

HOWARD M. BENTON for appellant.

L. J. CRAWFORD, WAITE & SCHINDEL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, while employed in appellee's steel plant, was injured and sought in this action to recover damages. The trial court instructed the jury to find a verdict against him, and he appeals.

The evidence shows that appellant was working as a laborer in the bottom of a pit, and that his duties were to fasten hooks attached to a movable crane to large buckets in the pit, so that they might be lifted out of it by the crane. That while he was attempting to fasten the hooks in the places provided for that purpose on the buckets, the hooks gave a · sudden twist or jerk and caught one of appellant's fingers between a hook and the bucket, and mashed the end of the finger. As appellant in his petition only charged that his injuries were caused "by the gross negligence of defendant's agents and servants superior to him in authority and control, and by reason thereof the forefinger of his left hand was then and there crushed between an iron bucket and an iron hook attached to cables on an electric crane overhanging said pit," it was not permissible for him to show as a ground of negligence that the operator of the crane was incompetent. If he desired to rely upon the incompetency of this employe as a ground of negligence, he should have so stated in his pleading. L. & N. R. R. Co. v. Irby, 141 Ky., 145. As he did not so aver, his right to recovery must be confined to evidence of negligence in the operation and management of the crane, sufficient to take the case to the jury. It is difficult to state, except in a general way, how appellant received the injuries complained of. The work he was engaged in made it necessary that he should fasten the large hook attached to the crane to the buckets, and, in doing this, he was liable at any time to have his finger or hand hurt by the movement of the hooks. Our impression from reading the record is that the injury was due more to accident than negligence, and that it was such an accident as might happen at any time to appellant or any person else engaged in this work.

Appellant testifies that he was always expected to take hold of these hooks to keep them from hitting the other buckets or going past the lugs, which they would do by the swing; that he had hold of the hooks "and all of a sudden it swung and took me with it; the hooks naturally swung and it took me right along with it, and

hit up either against the lug or the side of the bucket."
He further said that it was usual to bring the hooks
down gradually alongside of the bucket, but that on this
occasion they came faster than usual and that he could
not guide them as carefully as if they had been brought
down in the ordinary way. But, except for the differ-
ence in the swinging movement of the hooks, there is no
evidence that the operator of the crane was guilty of
any negligence or carelessness in its operation, nor is
there sufficient evidence to show that this swinging move-
ment of the hooks was caused by any improper operation
of the crane. There is no claim that the machinery was
defective, or the place unsafe, and it is a matter of com-
mon knowledge that when hooks attached to a chain sus-
pended from a crane are sent down in a pit to be at-
tached to a bucket that there will be more or less of a
swinging movement; and it seems that in this usual
movement of the hooks plaintiff's finger was mashed.
We do not think there was evidence to take the case to
the jury on the subject of negligent operation of the
crane.

Wherefore, the judgment is affirmed.