## Moreland's Admr. v. Indian Refining Company.

(Decided February 14, 1912.)

### Appeal from Scott Circuit Court.

1.  Negligence—Pleading—Where, in a suit for personal injuries, the plaintiff specifies the acts of which the alleged negligence consists, he can not, upon the trial, avail himself of any other acts of negligence; he is confined to the specifications of his petition.
2.  Negligence—Fellow Servant—Assumed Risk.—A servant cannot recover from the master for injuries inflicted by the negligence of a fellow servant in the same grade of employment engaged in the same field of labor, and associated or working with the injured servant, however gross the negligence of the fellow servant may be.
3.  Negligence—Contributory Negligence.—Where a workman was sent into a building to warn the occupants not to come out of the front door for fear that they might be injured by a stone that was about to be thrown from the top of the building, and the messenger himself immediately returned and came out of the forbidden door, and was struck and killed by the falling stone, he was guilty of contributory negligence, and cannot recover damages for his injury.

B. M. LEE for appellant.

BRADLEY & BRADLEY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On December 16, 1908, Samuel Moreland was killed while working as a mixer of mortar for the stone masons who were building a house for appellee, in Georgetown. The duties of Moreland were to mix the mortar in a box which stood some 30 or 40 feet from the building, and then carry it to the masons who were laying concrete blocks in the wall of the building. After the building had grown to the second story, the mortar was hoisted in buckets, which were carried up to the workmen by means of a block and tackle operated by horse power. There were the usual helpers, or men to wait upon the masons while they were at work upon the walls, and it was the duty of these helpers to take charge of the buckets of mortar when pulled to the top of the building by the block and tackle apparatus, and carry them to the point upon the building where the masons needed mortar in their work. The walls of this building which appellee was erecting, were made of concrete blocks of uniform size, each block weighing about 90 pounds. The

block and tackle were used to carry the concrete blocks to the top of the walls in the same manner as the mortar was carried up. The building in this instance was two stories in height, the top of the gable being about 28 feet from the ground. The wall was about finished, when McMeekin, the foreman, came to the building and called away, for other work, all the men who had been at work upon this building, except Perkins, the stone mason, and his helper, Willie Moreland, who were on the top of the building, and the deceased, Samuel Moreland, who was on the ground mixing mortar. There were a number of other men inside of the building working at a forge; and when the gable of the building had been finished there remained one concrete block unused, and the usual smaller pieces of blocks and material which had been cut in making the angle of the gable. It was the duty of Willie Moreland, as the helper of Perkins, to clean up the rubbish after the work was finished. Just before the accident, McMeekin, the foreman, stopped at the mortar box and said something to Samuel Moreland as he passed; whereupon Samuel Moreland immediately called to his son, Willie Moreland, who was on the top of the building, and said that McMeekin had directed Willie Moreland to throw the unused blocks down from the top of the wall, and clean up. Samuel Moreland then went into the building and notified the men inside that the rubbish was to be thrown from the top of the building, and that they must not come out. He, however, after delivering the message, immediately turned and came out of the door, and was struck and killed by the falling concrete block which had been thrown from the top of the building by his son, Willie Moreland. Appellant, as administrator of Samuel Moreland, filed this suit to recover damages for the alleged negligent killing of his intestate. Appellee answered, denying the negligence; alleging that the Morelands were fellow servants; and pleading contributory negligence upon the part of Samuel Moreland. At the conclusion of the plaintiff's testimony, the circuit judge peremptorily instructed the jury to find for the defendant, and from that ruling this appeal is prosecuted.

It is insisted that McMeekin, appellee's foreman, was negligent in directing the concrete block to be thrown from the wall of the building, and that it should have been carried down by the same means by which it was carried to the top of the wall, by the workmen in the

ordinary way. It is evident, however, that the block and tackle apparatus could not be used to lower the concrete block, since the horse power could not be used for that purpose, and there was not sufficient hand power accessible to hold the weight of the stone. The usual way of carrying these blocks from place to place, was by putting a small stick through the hole in the center of the block, with a man at either end of the stick; but the blocks could not be so carried down the ladder. And, in this connection, it is insisted that appellee was negligent in removing to another place all of its workmen, and not leaving upon these premises a sufficient force of men to properly lower the stone by means of the block and tackle. The petition, however, confines the alleged negligence, not to the taking of the men away, or in ordering the block to be thrown down, but to the manner in which it was thrown.

Under the repeated adjudications of this court, we must confine ourselves to an examination of the act of negligence set forth in the petition. Having specified the acts of which the alleged negligence consists, the plaintiff can not, upon the trial, avail himself of any other acts of negligence; he is confined to the specifications of his petition. Edwards v. Chesapeake & Ohio R. R. Co., 108 S. W., 303; W. A. Gaines & Co. v. Johnson, 133 Ky., 507; Rowe v. L. & N. R. R. Co., 143 Ky., 826.

But, in our opinion, no negligence is shown since the appellee's foreman took the necessary precaution to prevent any accident; and it was only by reason of Moreland's reckless disregard of the caution, which he himself had carried to the men on the inside of the building, that he received the injury. He had all the warning that could possibly have been required.

Furthermore, the deceased and his son, Willie Moreland, were fellow servants in the fullest sense of that term. They were working in the same line of business, and receiving the same pay. They were, therefore, in the same grade of employment, and engaged in the same field of labor. In L. & N. R. R. Co. v. Brown, 127 Ky., 741, we said:

"This doctrine of assumed risk by the servant has been further extended by this court until now it is well established that a servant can not recover from the master for injuries inflicted by the negligence of a fellow servant in the same grade of employment engaged in the same field of labor, and associated or working with

the injured servant, however gross the negligence of the fellow servant may be.   *   *   *

"Public policy requires that, where the laborers are co-equals and engaged in laboring in the same field, or on the same railroad train, or in any other employment, each should exercise proper care in the conduct of the business, and look to it that his co-laborer does the same thing; and, when he is told that this care and prudence is his only remedy against danger from the negligence of those employed with him, it not only makes him the more careful, but stimulates him to see that others exercise the same caution."

Martin v. Mason-Hoge Co., 28 Ky. Law Rep., 1333; 91 S. W., 1146, is a case very similar to the case at bar. In that case Martin was injured by a rock rolled down a hill by a fellow laborer in the same field of employment; and, in denying him the right to recover, this court said:

"Nor does the fact that the superintendent of appellee directed the persons hauling the rock to roll them down the hill affect the question, because he testifies that he gave these persons orders not to unload any rock until the laborers at the foot of the hill had been notified to get out of the way and had had time to escape being injured. As the negligence consisted in failing to give proper notice and not in rolling the rock down at all, it necessarily follows that the injury, if due to negligence, was caused by the negligent manner in which the rocks were rolled by appellant's fellow servants down the hill. And for the injuries caused by the negligence of his fellow servants he can not recover."

Pitts v. Centers, 30 Ky. Law Rep., 311, is to the same effect.

Deceased and his son were engaged in the same department of a common employment; and, being of equal rank in that employment, they were fellow servants. In this state of case, deceased assumed the risk of the injury, and appellee is not liable therefor. Trussle v. C., N. O. & T. P. Ry. Co., 142 Ky., 714.

Clearly, also, Moreland was guilty of contributory negligence. In Edwards' Admr. v. C. & O. R. R. Co., 32 Ky. Law Rep., 1240; 108 S. W., 303, an old lady and her grandchild were at a station waiting for the train, which was coming in plain view, when the child crossed over the tracks to the other side. The grandmother, although fully aware of the approach of the train, tried to cross

over to where the child was, and was caught and killed. The court said:

"The appellee's employees could not anticipate that Mrs. Edwards would do so reckless and imprudent a thing as to undertake to cross the track in front of a rapidly approaching train, and, therefore, until she was on the track they could not be expected to do anything in anticipation of her unnecessary recklessness. * * * We are of opinion that the court properly ordered a peremptory instruction at the close of the plaintiff's testimony."

See also I. C. R. R. Co. v. Willis' Admr., 27 Ky. Law Rep., 1187; 97 S. W., 21; Craddock v. L. & N. R. R. Co., 13 Ky. Law Rep., 18; C., N. O. & T. P. Ry. Co. v. Harrod's Admr., 132 Ky., 445; C., N. O. & T. P. Ry. Co. v. Chavasse's Admr., 122 S. W., 173.

So, in the case at bar, no one could reasonably have conceived that deceased would deliberately walk into a dangerous place of which he was fully aware. He had carried the message to the other laborers on the inside not to come out of the door, because it was dangerous; and yet, he immediately did what he had warned them not to do.

Judgment affirmed.