## Louisville & Nashville Railroad Company v. Kirby.

(Decided January 23, 1917.)

### Appeal from Rockcastle Circuit Court.

1. Negligence—Evidence—Pleading.—It is competent for a litigant to charge negligence in general terms to which proof of any character of negligence relevant to the issue may be given, but if he specifies the character of negligence, he is confined in his proof to that which is specified and he cannot recover by showing negligence not specified, although it would have been competent if specified or under a general charge. Otherwise, the rule forbidding proof without allegation would be violated.

2. Master and Servant—Negligence of Fellow Servant.—The master is not liable for the negligence of a fellow servant, and when the negligence complained of is that of a member of a crew engaged in constructing for the master a specific piece of work, with none of them having authority over the others but all engaged in the same purpose, the master is not liable because the members of the crew thus engaged are fellow servants the one with the other.

3. Master and Servant—Negligence of Fellow Servant.—Where one of such servants is by the boss and foreman of the crew placed in charge of a hand car being used by a part of the crew, and with power and authority to control and manage the car, such one for the time being is not a fellow servant with the other members of the crew present, but is a superior for whose negligence the master will be responsible.

4. Master and Servant—Negligence.—An allegation that a hand car was being operated "too fast" is not good, as there is no standard shown by which its speed should be governed, and it was error to submit to the jury the question of defendant's negligence in such terms. To be good, the pleading should charge that the speed was unusual, unreasonable, reckless and unnecessary, and that it was negligently committed or permitted.

5. Master and Servant—Operation of Hand Car—Evidence.—In such case the defendant may show by its testimony what is the customary and ordinary speed usually employed under the conditions being investigated, and it is error for the court to refuse to permit it to do so.

6. Master and Servant—Operation of Hand Car—Negligence.—A boss in charge of a crew of hands riding a hand car with power and authority to direct and control its movements should see to it that it was not operated in such manner as to render it dangerous, and the master will be liable if he should negligently refuse to exercise his authority to prevent such danger.

JOHN W. BROWN, C. C. WILLIAMS and B. D. WARFIELD for appellant.

BETHURUM & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee (plaintiff below), was a member of a crew of hands engaged in doing some concrete work for the appellant (defendant below), in Hardin county, on and for some time previous to October 2, 1914. The foreman of the crew engaged in doing the work was one, Hicks, and there were two classes of laborers composing the crew, one class including carpenters, whose duty it was to construct frame work necessary to contain the concrete, and the other class being made up of those whose duty it was to mix and put the concrete in proper place. The wages of the carpenters were more than that of the concrete workers. Somewhere between one-fourth and one-half mile from the place where the work was being constructed was a boarding car located on a side track, and in traveling from the work to the boarding car, it was necessary for the hands to ride a hand car.

Thomas Floyd was a member of the crew and was one of the carpenters, while plaintiff was engaged in the concrete work. On October 2, 1914, while returning from dinner obtained at the boarding car, the hand car upon which plaintiff was riding jumped the track and threw him off, whereby he sustained injuries, to recover damages for which he filed this suit. A part of the crew was just ahead of the hand car on which plaintiff was riding; on this front car was the foreman, Hicks, while Thomas Floyd, one of the carpenters, and five others, including plaintiff, were upon the derailed hand car.

In a way, but vaguely, it is alleged in the petition that the plaintiff at the time of his injury was a member of the crew of hands which had a foreman in charge who was superior in authority to plaintiff and the other

members, and whose orders they were compelled to and did obey. The negligence charged is stated in this language:

"That the agents and servants of the defendant in charge of said hand car, against this plaintiff's objections, and over the protest of the said plaintiff, managed and operated said car with such gross negligence and carelessness by running same too fast, and at too great speed, that said car jumped the track of defendant's road and injured his back, shoulder, arms, and left leg to such an extent that he is permanently injured; that the said foreman knew that the accident and injury would occur, and could have known that the injury would occur by the exercise of ordinary care; and the said foreman could have prevented the injury by the exercise of proper care. Plaintiff says he requested the foreman to have the persons then pulling said car not to run same so fast, and that the speed of same be lessened, but the said foreman refused to do so; that if his request had been complied with the said accident and injury would not have occurred."

It will be seen that there is an effort to charge and make the defendant responsible for the negligence of the other members of the crew, who, in conjunction with the plaintiff, were operating the hand car at the time. It is further claimed, in substance, that the alleged foreman in charge of the hand car negligently and carelessly permitted the car to be run "too fast," and that he could have prevented this by the exercise of proper care, but that he failed and refused to do so, although plaintiff appealed to him to slacken the speed of the car, and warned him of the danger.

The answer put in issue all the allegations of the petition, and in other paragraphs relied upon the contributory negligence of the plaintiff and alleged that the injuries to plaintiff, if any, were the result of the acts, negligent or otherwise, of his co-laborers and fellow-servants. The answer was controverted of record, and upon trial there was a verdict in favor of plaintiff for $500.00, upon which judgment was rendered, and to reverse which this appeal is prosecuted.

Several grounds are argued before us for a reversal, they being as follows: (1) Because of a variance between the grounds for recovery alleged in the petition and the proof. (2) Because of failure of the court

to give to the jury an instruction offered by the defendant to return a verdict in its favor. (3) Because the verdict is excessive and not sustained by the evidence. (4) Because of error committed by the court in the admission and rejection of evidence before the jury. (5) Because of error committed in the giving and refusing of instructions to the jury. (6) Because of improper statements made by plaintiff's counsel in his closing argument to the jury.

The argument of counsel for appellant on this appeal takes a very wide range and discusses at more or less length many collateral and incidental questions which we will not attempt to follow or discuss in this opinion, confining ourselves to such of the points presented as we deem necessary for a proper and concise consideration of them.

Preliminary to a consideration of the first ground urged it may be said that two rules of practice are long and firmly settled in this state. One is that in suits for negligence if the negligence relied on is specified, the plaintiff will be confined in his proof to the establishment of the particular negligence alleged. Crane v. Congleton & Bro., 116 S. W. (Ky.) 341; Monroe v. Standard Sanitary Mfg. Co., 141 Ky. 549; Burch v. Louisville Car Wheel & Railway Supply Co., 146 Ky. 272; Moreland's Admr. v. Indian Refining Co., 146 Ky. 760; Shilling v. Andrew Steel Co., 144 Ky. 544; Coke's Admr. v. Andrew Steel Co., 149 Ky. 627; Palmer's Admr. v. Empire Coal Co., 162 Ky. 132.

The other rule is that the proof must conform to the allegation. In other words, that allegation without proof and its converse are *neither* sufficient to entitle the litigant to relief. Some of the cases applying this rule, in addition to the ones above referred to are: McQuary v. L. & N. R. R. Co., 128 S. W. (Ky.) 330; Murray v. C. & O. R. R. Co., 139 Ky. 383; Rowe v. L. & N. R. R. Co., 143 Ky. 826.

Some of the incompetent testimony complained of in this case is that given by certain witnesses for the plaintiff to the effect that those operating the hand car were negligently and carelessly jerking it, which caused the front end of the car upon which the plaintiff was riding to be lifted from the track, and that the derailment was in all probability caused thereby. From the allegations of the petition it will be seen that no such negli-

gence is relied on, as the only negligence alleged therein is that the car was going too fast, and that the foreman in charge of it declined and refused to cause its speed to be reduced, and this, even after plaintiff had requested him to do so.  Clearly, under the rule, *supra,* the evidence complained of was incompetent and was prejudicial, because the testimony convinces us that the derailment of the car was almost necessarily due to the jerking of its propelling lever by the ones operating it and not to the speed of the car.  In other words, the negligence proven, if any, is not that which is alleged, but is, to say the least of it, a different negligence from that which is alleged, and the testimony concerning it should have been excluded not only upon the ground just considered, but because it was the negligence of plaintiff's fellow servants, a point which we will hereinafter discuss.

The peremptory instruction offered by the defendant is insisted upon mainly because the negligence causing the derailment of the hand car and consequent injuries to the plaintiff was that of plaintiff's fellow servants, for which the defendant is not liable.  Under the fellow-servant doctrine as applicable in this state, it cannot be reasonably contended that the members of the crew assisting in the propelling of the hand car were not fellow servants of the plaintiff.  They were all engaged in one common employment and with one purpose in view, in the accomplishment of which there were no departments whereby one of them was superior to the other, nor was any of them vested with any authority to give directions to the plaintiff which he in any wise was compelled to obey, unless it be, as is insisted by him, that on the particular occasion Floyd had been vested with the power and authority of a sub, or straw boss, as he is denominated.  Upon this point plaintiff and another witness testified that Hicks, the general boss of the crew, designated Floyd for this particular trip to take charge of the hand car and members of the crew, and vested him with authority to manage and conduct it in making the particular trip in question. They furthermore testify that it was usual and customary to have a boss to perform such duties, and that his position on the hand car was a seat immediately over the brake attached to the car; that Floyd was occupying this position at that time, which he admits, and that

when it became evident that the car was going to leave the track, Floyd applied the brakes, which plaintiff claims is a part of the duties of a foreman. He further testifies that he, as well as other members of the crew, took their respective positions upon the car under the directions of Floyd. This testimony given by the plaintiff and his witness is flatly contradicted by not only the other members of the crew who were upon the hand car at the time, but also by Hicks and a number of others; but we are not prepared to say that there was not sufficient evidence to have submitted to the jury the question as to whether Floyd was at that time in fact a boss or vested with the authority of a superior over the plaintiff and other members of the crew who were at that time upon the hand car. This being true, it was not error to refuse to give the peremptory instruction of which complaint is made.

In determining the question under consideration, we have not overlooked the insistence made that the fact as to whether Floyd was foreman at the time is not to be determined by what plaintiff may have thought or what the former may have done, but we have considered only the testimony of plaintiff and his witness to the effect that the foreman, Hicks, had designated Floyd as foreman in charge of the car upon that occasion.

During the trial the defendant offered to prove by witnesses that the hand car at the time was not being operated at a rate of speed beyond that which is usual, ordinary and customary upon such occasions, and especially upon the character of track over which it was then running. The testimony of plaintiff and some of his witnesses was that the car was being operated at a speed of between twelve and fourteen miles per hour, while a greater number of witnesses for defendant testified that its speed did not exceed eight or ten miles per hour. The allegation in the petition is that the car was being operated "too fast," and this same expression is used by the court in its instructions submitting the question of defendant's negligence to the jury. As to what is or would be a speed which was "too fast" is nowhere alleged or proven. The only negligence with reference to the speed of the car which would in any event render the defendant guilty of negligence is such speed as would be not only careless but reckless, unusual and unnecessary, and what rate of speed would measure up

to these designations is nowhere alleged or proven. The expression "too fast," found both in the pleading and instruction, as well as the testimony, is too indefinite, and fixes no standard by which the rate of speed might be gaged. The speed may have been too fast for some purposes and yet not fast enough for others. The defendant clearly had a right, even under the condition of the pleading, to show that the speed of the hand car did not exceed that which was permissible under the law, and its offered testimony to this effect should have been admitted.

In this connection, it might be well to say that plaintiff's pleading would conform much better to the established rules of practice if it had alleged that the speed of the hand car at the time complained of was of the character alluded to, and the instructions in submitting this question to the jury should likewise conform to our above expressed views.

Instruction No. 4 defining fellow servants, although correct, has no place in this case, as all those who were on the hand car at the time plaintiff received his injury under the undisputed facts were fellow servants with him, unless one of them had been constituted his boss or superior in the manner claimed by plaintiff, and the trial court should have so assumed as a matter of law.

Instruction No. 6, which is the one on the measurement of damages, permitted a recovery by plaintiff not only for loss of time, but for the impairment of his power to earn money without directing that the allowance for this impairment of his power to earn money should begin when his loss of time resulting from his disability ends. The failure to do this has many times been condemned by this court and the error so committed held to be sufficiently prejudicial to justify a reversal of the judgment. Bluegrass Traction Co. v. Ingles, 140 Ky. 488; L. & N. R. R. Co. v. Harrod, 115 Ky. 877; McHenry Coal Co. v. Taylor, 165 Ky. 144; N. C. & St. L. R. Co. v. Banks, 168 Ky. 579. The defendant submitted an instruction complying with the rule announced in the above cases, which was refused, and to which exceptions were taken.

Inasmuch as the case will have to be reversed, we express no opinion in regard to the alleged excessiveness of the verdict. On another trial the facts upon

this point may be entirely different, justifying a different finding by the jury.

Summarizing, we hold that the only negligence alleged and attempted to be proven authorizing a recovery is the unreasonable, unusual and unnecessary speed of the hand car at the time of the accident, and the negligent failure and refusal of the temporary or straw boss, Floyd, to reduce or control it if he could, especially after plaintiff's request for him to do so. The supposed negligence of the members of the crew operating the car by jerking the lever, if negligence at all, cannot be relied on under the state of the pleadings. The plaintiff cannot in any event recover for any act of negligence of his fellow servants upon the hand car, unless there was also on it a superior or boss whose duty it was to prevent and who could have prevented such negligence of plaintiff's fellow servants and he by his gross negligence refused to do so and such refusal was the proximate cause of plaintiff's injury. Under the present condition of the pleadings, no evidence except that having a legal tendency to establish the grounds for recovery just considered should be admitted, and the instructions should be confined to the submission to the jury of such issues alone.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.