### Long Fork Railway Company v. Martin.

(Decided December 18, 1925.)

Appeal from Floyd Circuit Court.

Railroads—Person Injured Held Guilty of Gross Carelessness.—Intending passenger, who deliberately went on and started to walk down the track, when his hearing had told him a train was coming, held guilty of gross carelessness, and railroad was not liable.

A. B. COMBS, B. F. COMBS and SMITH & COMBS for appellant.

C. B. WHEELER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant, whom we will refer to as the defendant, is seeking to reverse a judgment for $7,000.00 recovered against it by the appellee, whom we will refer to as the plaintiff. About 9 a. m. March 10, 1922, the plain-

tiff was struck and so injured by a locomotive belonging to defendant, that it was necessary that his right arm be amputated between the elbow and the shoulder.   On that morning, he was waiting at Wheelright junction to board the train going to Martin.   While the defendant usually stops its trains at this junction to receive passengers, and has provided a platform and small shed for their use, it does not have a station agent at the place.   Plaintiff and several of those with him, had crossed the track from the station, and had been sitting on a pile of railroad rails, talking.   They heard the train coming, and got up and started to cross the track.   All of them succeeded in getting over in safety, except plaintiff.   Plaintiff says that he knew the train was coming; his purpose in being at the station was to take passage upon it, but he contends that he did not hear it whistle for this station. However, he admits having heard it whistle, as he thinks, for Melvin, about a mile and a half away, and he insists that defendant was negligent in failing to whistle for this particular station, in running its train at an unreasonable rate of speed, and in not keeping a lookout.   Defendant's engineer testified that the whistle was blown for the station; that he saw plaintiff and some one else standing talking, to the right of the track as he approached the station, and that when he was within sixty feet of them, they stepped upon the track.   He says that he immediately set the brakes in emergency, and did everything he could to avoid injuring plaintiff, but was unable to do so.

In the case of L. & N. R. R. Co. v. Redmon's Admrs., 122 Ky. 385, 91 S. W. 722, 28 R. 1293, this court said:

"Though they saw deceased walking by the side of the track ahead of the train, they were not required to anticipate that he would put himself in danger by getting on the track in plain view and just ahead of the train.   On the contrary, they had the right to assume that he knew the train was approaching and near by, and that he would keep off the track and out of danger."

In the case of L. & N. R. R. Co. v. Molloy's Admrx., 122 Ky. 219, 91 S. W. 685, 28 R. 1113, this court held that the railroad company was not liable if Molloy, when at a safe distance from the track, knew of the approach of the

train, and with this knowledge, undertook to pass over the crossing ahead of the train.

As to keeping a lookout, there is no evidence that defendant failed to observe this duty.

Plaintiff relies on the case of L. & N. R. R. Co. v. Taafe's Admr., 106 Ky. 535, 50 S. W. 850, 21 R. 64, wherein this court said:

> "It was the duty of the defendant, when approaching the station in the town of Sparta, to use reasonable or ordinary care to discover any obstruction upon the track, and it was also the duty of the defendant to give timely and proper notice of its approach to the station."

Sparta is quite a village, and the care required there is not required at this place. Plaintiff knew the train was coming. He and his five companions were making their way to the platform to get on the train. The presence of the railroad track was a proclamation of danger. They had to cross it to reach the platform. Even a careless man would, under those circumstances, have taken some precautions, yet the plaintiff deliberately went upon the track, and started to walk down the track. He says he looked, but did not see the train. His hearing had told him the train was coming; the acts of his companions told him the train was coming, and his walking down the track under those circumstances was gross carelessness on his part, but for which this accident would not have happened.

In the recent case of Kentucky Traction & Terminal Co. v. Brackett, 210 Ky. 756, 276 S. W. 828, this court held that the only duty a railroad company owes one who suddenly and unexpectedly comes on its tracks is to use ordinary care to avoid injuring him, after it discovers his peril. In view of these authorities, it was the duty of the court, at the conclusion of the evidence, to have sustained the defendant's motion for a peremptory instruction, and because that was not done, this judgment is now reversed, and the cause remanded for proceedings consistent herewith.

Judgment reversed.