Commonwealth v. L. & N. R. R. Co.

---

CASE 12—INDICTMENT FOR MAINTAINING A NUISANCE—Oct. 2.

# Commonwealth v. L. & N. R. R. Co.

APPEAL FROM BOYLE CIRCUIT COURT.

INDICTMENT DISMISSED AND COMMONWEALTH APPEALS.  REVERSED.

RAILROADS—FAILURE TO KEEP CROSSING IN REPAIR.

Held:    A railroad company which fails to keep in repair the ap-
proaches to a highway crossing, to the extent of its right of
way, is guilty of maintaining a nuisance, whether the railroad
or the highway was first established.

CLIFTON J. PRATT, ATTORNEY GENERAL, FOR APPELLANT.

1. The indictment contains every averment necessary to show that
a public nuisance was committed.
2. A public nuisance is the doing of a thing that is an annoyance to
the public, or the neglecting to do a thing which the common
good requires.  Cin. Ry. Co. v. Com. 80 Ky., 137; Woods' Law of
Nuisance p. 76; The Atty. General v. Evart Booming Co., 34 Mich.,
462.

R. P. JACOBS & C. R. McDOWELL, ATTORNEYS FOR APPELLEE.

E. W. HINES OF COUNSEL.

1. The demurrer to the indictment was properly sustained.
2. The indictment does not show that the railroad track was built
across a highway, existing when the track was laid.
3. The indictment is indefinite and insufficient in its charges of acts
constituting a public nuisance.  P. & E. R. R. Co. v. Com. 4
L. R., 625;  Same v. Same, 80 Ky., 147.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

The appellee was indicted in the circuit court of Boyle
county for the offense of suffering and permitting a public

nuisance. A demurrer to the indictment was sustained, and the Commonwealth appeals.

The accusing part of the indictment, after charging the existence of the corporation, proceeds: "Did unlawfully suffer and permit a public nuisance at a point where its road crosses a certain highway, namely, where its road crosses the county road leading from Parksville to Junction City, Boyle county, Ky., the same being the second crossing of said railroad over said county road south of Parksville, by unlawfully suffering and permitting the approaches and grade of said road on either side of the railroad track within said railroad company's right of way to become and remain for an unreasonable length of time, to-wit, thirty days, very steep and narrow at the point aforesaid, so as to be inconvenient and dangerous of ascent and descent for wagons and other vehicles, to the common nuisance of all good citizens passing and repassing along and over said highway and county road, against the peace and dignity," etc. The objection urged to the indictment by counsel for appellee is that there is no averment that the public highway was constructed before the railroad was built; that, in construing the indictment most strongly in favor of the accused, the necessary deduction is that the highway was built after the railroad, and counsel therefore contends that there was no duty resting on appellee to maintain and repair the approaches on either side of the railroad track; and, this being true, there could be no conviction. In the case of Paducah & E. R. Co. v. Com., 80 Ky., 147, this court said: "Where a railroad company lays its track across a public highway, reason and necessity unite in demanding that the company should have paramount control over the full extent of its

right of way, and the right to make and regulate the re-
pairs necessary to the use of crossings by the public, and,
as a consequence of this authority, become responsible to
the public and individuals for injuries resulting from a
failure to repair, or from unskillful repairs of such cross-
ings; for as overseers of highways traversing railroads are
either admitted or required to enter the space covered by
the company's right of way, uncontrolled by it, for the pur-
pose of repairing the crossings or approaches to them, dis-
astrous consequences might result to the company from
the negligence or unskillfulness of overseers, without the
power or privilege to avoid them.  For these reasons we
think it was the company's duty to keep the crossing and
its immediate approaches in such repair as would enable
the public to use it with reasonable security and conven-
ience."  While the facts do not appear in the opinion, from
the context we are led to believe the highway referred to
was in existence when the railroad was built.  However,
the reasoning of the opinion is just as strong if the road
had been established after the railroad.  The fact that the
railroad was built across an existing highway
would not make the necessity greater that the
railroad should have paramount control over its right of
way than if the highway was established across a railroad
already in operation.  The opinion is authority to hold that
the railroad company should keep and maintain highways
in repair, to the extent of the company's right of way,
whether existing at the time or constructed after the rail-
road was built.  In the case of Railroad Co. v. Smith, 13
Tm. & Eng. R. Cas., 608, the supreme court of Indiana
said: "In section 3903, Rev. St., 1881, in force since May
6, 1853, it is provided as follows in relation to railroad
companies:  'Every such corporation shall possess the gen-

eral powers, and be subject to the liabilities and restric-
tions expressed in the special powers following:  .  .  .
Fifth, to construct its road upon or cross any stream of
water, water-course, road, highway, railroad or canal, so
as not to interfere with the free use of the same, which the
route of its railroad shall intersect, in such·manner as to
afford security for life and property; but the corporation
shall restore the stream or water-course, road or highway,
thus intersected, to its former state, or in a sufficient man-
ner not to unnecessarily impair its usefulness or injure its
franchises.' The appellant's counsel claim, however, that
these statutory provisions are not applicable to the case at
hand, because, they say, 'the complaint does not show, nor
in point of fact is it pretended, that the highway has not
grown into use since the railroad was built.' In other
words, it is claimed by counsel, as we understand them,
that the clause of the statute quoted is applicable only
to the original construction of appellant's railroad across
highways then in existence, and does not apply to a case
where it may be assumed, for want of averment to the con-
trary, that the highway was laid out and opened across the
railroad after its construction. We do not think that the
clause of the section quoted should receive from the courts
any such literal or limited construction in the interest either
of the public or of the railroad company. Whether the
highway is laid out and opened before or after the con-
struction of the railroad, the legislative intent in the clause
quoted is clear, we think, that the railroad company shall
construct its road at its intersection with such highway
'in such manner as to afford security for life and property.'
This construction of the statute will subserve the interest
of the railroad company, as it seems to us, in the preserva-
tion of its trains from possible destruction, and in the safe-

ty of its employes and passengers." We have quoted that opinion and the statute therein cited to show the close analogy to ours, which reads (section 768): "Every company shall possess the following powers and be subject to the following liabilities and restriction: . . . 5.—To construct its road upon or cross any water-course, private or plank road, highway, street, lane, or alley and across any railroad or canal; but the corporation shall restore the water-course, etc., private or plank road, highway, street, lane, alley, railroad or canal to its former condition, as near as may be, and shall not obstruct the navigation of any stream, or obstruct any public highway or street, by cars or trains, for more than five minutes at any one time; and shall construct suitable road and street-crossings for the passage of teams by putting down planks or other suitable material between and on each side of the rails, the top of which shall be at least as high as the top of the rails of such road or street," etc. We are aware that the superior court in the case of Paducah & E. R. Co. v. Com., 4 Ky. Law Rep., 625, decided that a different rule applied to crossings of highways, depending on the time of their establishment. That court said that, if established before the railroad, the crossings should be kept up by the company; if after, by the overseer or other public authority. When it is considered that the railroad may establish and change its grade at pleasure without consulting the overseer or other officer in charge of the highway, and also that in a great number of cases the grade is not on a level with the highway, and that in almost all instances highways are established on the surface level without cut or fill, the reason of the rule laid down in 80 Ky., 147, is apparent and pertinent whether applied to an elder or more recently established highway. We are clearly of the opinion

that the opinion of the superior court, *supra*, is incorrect in principle, and will not be followed. We hold that it is the duty of a railroad company to maintain in reasonable order and condition all highways crossing the tracks of the railroad, to the full width of the right of way, regardless of any question as to the time of their establishment. It follows that, in our opinion, the indictment herein is sufficient and that the demurrer thereto should have been overruled. Judgment reversed, and cause remanded, with directions to overrule the demurrer, and for proceedings consistent herewith.

Judge Paynter dissenting.