CASE 93.—PROSECUTION    AGAINST    ILLINOIS    CENTRAL RAILROAD COMPANY FOR    SUFFERING A    NUISANCE ON ITS PROPERTY.—June 3, 1910.

## Ill. Cent. R. R. Co, v. Commonwealth.

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Defendant convicted and appeals.—Affirmed.

1.   Criminal Law—Appeal—Harmless Error.—While a charge in an indictment of a railroad company for a nuisance that it suffered "its railroad bridge" to be and remain out of repair was a conclusion of law, and the indictment was technically defective in not charging that the bridge was on its right of of way, it apprised defendant fully of the charge to be tried, which was the real purpose of the indictment, so that defendant was not prejudiced, especially where the jury were required to find that the bridge was on its right of way before it could convict.

2    Railroads—Prosecution    for    Nuisance—Evidence.—In    the prosecution of a railroad company for a nuisance in suffering a bridge on a street crossing to become and remain out of repair, uncontradicted evidence held to conclusively show that the bridge was a part of its right of way.

3    Railroads—Indictment for Nuisance—Sufficiency.—In an indictment of a railroad company for allowing a bridge to remain out of repair "an    unreasonable    length of time," the words quoted need not be used if the language used conveys the idea; and a charge that it was suffered to remain in such condition for a period of nearly six months is sufficient.

4.   Railroads—Bridge on Street Crossing—Liability to Maintain.—A town need not maintain a bridge on a street crossing a railroad, and it is immaterial that it built it or formerly maintained it, but this duty is imposed on the railroad company by Ky. St. section 768, and it is not excused because others voluntarily, or in ignorance of their rights, built and maintained it.

Ill. Cent. R. R. Co. v. Commonwealth.

TRABUE, DOOLAN &    COX, C. L. SIVLEY and ROBBINS &
.THOMAS for appellant.

JAS. BREATHITT attorney general ˉ and TOM B. McGREGOR
assistant attorney general for Commonwealth.

OPINION OF THE COURT BY JUDGE LASSING—Affirm-
ing.

Appellant was indicted, tried, and found guilty of
suffering a common nuisance to be and remain upon
its property.    A fine of $100 was imposed, and, to
reverse the judgment predicated thereon, this appeal
is prosecuted.

Two grounds are relied upon for reversal: First,
that the indictment is defective; and, second, that
there is a failure of evidence to show that the bridge
in question is upon appellant's right of way.   Other
objections are urged, but the real contentions of ap-
pellant are covered by the foregoing.   The offense
charged is that of suffering and permitting its bridge
on the Lebanon Street crossing, in the town of Wingo,
Graves county, to become and remain out of repair,
so as to impede, if not entirely prevent, public travel
over said crossing for a considerable time, to wit,
from January 1st to June 23d, the date of the in-
dictment.

It is urged that, as the indictment failed to state
affirmatively that the bridge is on appellant's right
of way, and further failed to charge that the bridge
was suffered to remain out of repair for an unreason-
able length of time, the demurrer should have been
sustained.   Technically considered, the indictment is
defective, in that it does not charge that the bridge
is over the right of way of appellant.   It does charge
that appellant suffered ''its railroad bridge'' to be
and remain out of repair, and, while this is a con-

clusion of law expressed by the pleader, it apprised defendant fully of the charge upon which it was to be tried; and this is the real aim and purpose of the indictment. Appellant was in no wise misled or prejudiced because the indictment failed to charge that the bridge was on its right of way. This is especially true when considered in the light of the instructions given by the court, for in the instructions the jury was required to find that the bridge was on appellant's right of way before it could convict. The commonwealth failed to show the extent of appellant's right of way, or how much of the bridge was on or over it, but it did show that the end of the bridge came to within a few inches of the ends of the ties, and ran from the railroad embankment to the street at the other side of the ditch. This testimony is not contradicted. Hence it was conclusively shown to be necessarily on at least a part of the right of way; and, if not entirely on the right of way, appellant might have so shown.

The objection that the indictment does not allege that the bridge was suffered to remain out of repair an unreasonable length of time is not well taken, for it charges that it was in this condition from January 1st to June 23d, or nearly six months, and this is equivalent to charging that it remained out of repair for an unreasonable length of time. The proof amply supports the charge. In fact, the jury was warranted in finding from the proof that the bridge had been in this condition for from two to three years. It is not necessary that the words "unreasonable length of time" be used in the indictment. The ends of the law are satisfied if the language used conveys this idea. If the contention of appellant is correct, an indictment that charged that the

bridge was suffered to remain out of repair for a year and six months, or two years and six months, would likewise be defective. This cannot be so.

There is no merit in the claim that the town should maintain this bridge, if it is upon appellant's right of way, and it is immaterial that the town built it or formerly maintained it. This fact does not absolve appellant from its duty to keep the bridge in proper condition for public travel, if upon its right of way, as was expressly decided by this court in Commonwealth v. L. & N. R. R. Co., 109 Ky. 59, 58 S. W. 478, 22 Ky. Law Rep. 572, and P. & E. R. R. Co. v. Commonwealth, 80 Ky. 147. In fact, this duty is imposed upon it by section 768 of the Kentucky Statutes, and it may not excuse itself from this duty on the ground that others have voluntarily, or in ignorance of their rights, built and maintained the bridge. The case of Blue Grass Traction Co. v. Grover, 135 Ky. 685, 123 S. W. 264, is not in point. The question raised here was not involved in that case. There the traction company had built the bridge as the agent of the fiscal court of Fayette county, and it was held that, as the county was not liable for damage resulting from the defective condition of a county bridge, its agent was likewise not liable.

On the whole case, we are satisfied that appellant had a fair trial of its case, and the judgment should not be reversed for technical reasons. It is therefore affirmed.