## Commonwealth v. Chesapeake & Ohio Railway Company.

(Decided November 19, 1920.)

### Appeal from Rowan Circuit Court.

1. Highways—Obstruction of by Railroads—Construction of Section 4338 of Statutes.—Section 4338 of the Kentucky Statutes defining what constitutes an obstruction of a public road does not apply to the obstruction of a public road by a permanent embankment made by a railroad company on which to lay its track. It contemplates some negligent or temporary or wilful and unnecessary obstruction of the road by trees, logs, fences or other things.

2. Highways—Obstruction of by Railroad—Construction of Section 4350 of Statutes.—Section 4350 of the Kentucky Statutes applies to an obstruction made by building a new railroad across it or an additional obstruction made after the road is first built by changing or elevating in some material or substantial way the grade or tracks or embankment or approaches on its right of way.

3. Highways—Duty of Railroad in Making a Crossing.—It is the duty of a railroad company when it constructs a railroad across a public road or when after its construction it makes some material or substantial change or addition that is sufficient in itself to constitute an obstruction to then put and maintain the public road at the place where it crosses, including approaches on its right of way, in such condition as will be reasonably sufficient to enable travelers to use the track and approaches with safety and convenience.

4.  Highways—Railroad Crossing.—The duty of a railroad company does not end with having the crossing immediately on top of the embankment or at the place where the rails and ties are laid in reasonably safe condition for public travel. It extends to the full width of its right of way.

5.  Highways—Obstruction of—Nuisance.—Where a railroad company builds an embankment for its tracks across a public road and failed to keep the approaches on its right of way in reasonably safe condition for public travel it may be indicted for a nuisance.

CHARLES H. MORRIS, Attorney General, and W. C. HAMILTON, Commonwealth Attorney, for appellant.

CLAY & HOGGE and D. B. CAUDELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

The grand jury of Rowan county returned an indictment against the Chesapeake and Ohio Railway Company for "obstructing and failing to repair a railroad crossing at a public road." The indictment charged that the company "did, unlawfully and wilfully, for a period of more than six months before the finding of this indictment, fail and refuse to put the hereinafter named public road in as good a condition as it was before it obstructed same as hereinafter set out, . . . that where the railroad crosses said public road the said company had obstructed same by raising the embankment, raising the grade and suffering and permitting said embankment and grade at said Rockville crossing to become rigid, high, dangerous and unsafe and inconvenient and in bad condition for the use by the public travel using same."

A demurrer to the indictment was overruled, and on the trial of the case the evidence introduced conduced to show that in 1881 the railroad company constructed its line of railroad where it is now located and that it crossed at that time, as it does now, the public county road, which is also now located where it was then. The ground at the point of intersection of the two roads and for quite a distance surrounding and adjacent thereto is low, and in building the railroad the company found it necessary to construct through this low land and at the point where the public road was crossed an embankment or fill about six feet high. As a result of this travellers on the public road are required in crossing the railroad track to go up an inclined embankment or approach from the level of the ground to the track and down the approach or embankment on the other side of the track.

It does not appear who built these approaches, but it may be presumed that they were built by the railroad company, as they extended from the top of the embankment to the property line of its right of way on each side, which was thirty feet from the center of the track. These approaches made, as can readily be seen, a heavy grade that travelers on the public road must climb in crossing the embankment and the railroad track on top thereof.

It further appears from the evidence that there has been no substantial change made in the railroad embankment or the track at any time since the railroad was built, but the approaches on the public road leading to the top of the embankment, which were made of dirt, have gradually worn down and become full of holes, thus making it difficult for vehicles to go over them, although it does not appear that there was any difficulty in getting over the ties and rails after the top of the embankment had been reached.

The only obstruction that has ever been put or maintained in the public road is the railroad embankment and the track on top of it, and these have been there without substantial change since 1881. It further appears that the difficulty in traveling over this road with vehicles at the point where it crosses the railroad is not due to the condition of the ties or rails or the top of the embankment where the track is laid, but to the bad condition of the approaches on each side leading from the level of the ground to the top of the embankment.

At the conclusion of the evidence the court overruled the motion on behalf of the railroad company to instruct the jury to return a verdict for it, and thereupon the case went to the jury under instructions that substantially followed the indictment, and the jury returned a verdict for the railroad company.

In the brief for the Commonwealth it is said that the indictment was found under section 4338 of the Kentucky Statutes, defining as follows what constitutes an obstruction of a public road: "Obstructions within the meaning of this chapter shall include trees which have been cut or have fallen, either on adjacent land or within the bounds of the public roads, in such manner as to interfere with traveling thereon; limbs of trees which have fallen within the public road or branches of trees overhanging the public road so as to interfere with the travel thereon, landslides, carcasses of dead animals, lumber, wood or logs piled within the bounds of the public road,

fences, buildings or other obstructions within the bounds of the public road, earth, stone or other material placed in any ditch or waterway along the public roads; telegraph, telephone, trolley or other poles and wires connected therewith, erected on the public road in such a way as to interfere with the use thereof, or any other thing which shall prevent the easy, safe and convenient use of such public road for public travel.''

In section 4350 it is further provided that ''Every railroad company heretofore or hereinafter incorporated which has, by the building of their road or otherwise, obstructed, or shall hereafter obstruct, any public road, shall as far as possible put the road so obstructed in as good condition at every crossing of the railroad as it was before the obstruction within six months after the completion of construction or repair or use of said railroad, and a failure to do so within the specified time by any railroad (and the word railroads shall include traction lines) shall be fined in the sum of not less than five hundred dollars nor more than one thousand dollars for each failure.''

It is contended that the conditions we have described constituted an obstruction of a public road within the meaning of section 4338 of the statutes, but we do not think so. The building and maintenance of a railroad across a public highway is not an obstruction within the meaning of this section, which contemplates some negligent, temporary or wilful and unnecessary obstruction of the public road by placing trees or logs therein, or building a fence across it, or in some other manner or with some other thing not permanent or intended to be that interferes with its safe and convenient use. Com. v. American Tel. Co., 27 Ky. Law Rep. 29.

Section 4350 applies to an obstruction of a public road made by building a new railroad across it, or an additional obstruction that is made after the road is first built by changing or elevating in some material or substantial way the grade or tracks or embankment, or the approaches made by the railroad on its right of way as a part of the crossing. Under this section it is the duty of a railroad company when it constructs a railroad across a public road or when after its construction it makes some material or substantial change or addition that is sufficient in itself to constitute an obstruction to then put and maintain the public road at the place where it crosses, including needed approaches, on its right of way in such

condition as will be reasonably sufficient to enable travelers on the public road to use the track and the approaches to it with safety and convenience, and if it fails to do this it is subject to the penalty named in the statute.

This statute, however, does not cover the case we have because here the railroad was constructed many years ago. The remedy is to be found, not under the statute, but in an indictment for maintaining a nuisance.

According to the views expressed the company was under a duty to make and maintain approaches at this crossing and to the full extent of its right of way in such manner and condition as that the approaches as well as the crossing on top of the embankment would be and remain reasonably sufficient for safe and convenient travel. The duty of a railroad company does not end with having the crossing immediately on top of the embankment or at the place where the rails and ties are laid in reasonably safe condition for public travel. It extends to the full width of its right of way.

In Com. v. Louisville and Nashville Railroad Company, 109 Ky. 59, the court had before it for consideration a case involving questions similar to those appearing in this record. In that case the company was indicted for suffering and permitting a public nuisance by suffering and permitting the approaches and grade of the public road on either side of the railroad track to become and remain out of repair, and the court said, quoting with approval from the opinion in the case of Paducah and Elizabethtown Railroad Company v. Com., 80 Ky. 147, that "It was the company's duty to keep the crossing and its immediate approaches in such repair as would enable the public to use it with reasonable security and convenience." It was further said that "It is the duty of a railroad company to maintain in reasonable order and condition all highway crossings at the tracks of the railroad to the full width of the right of way, regardless of any question as to the time of their establishment."

The evidence did not justify the submission of the case to the jury and the court should have directed a verdict for the company. If the Commonwealth desires to prosecute the company for failing to keep this crossing or the approaches thereto in repair it should indict it for maintaining a nuisance.

Wherefore the judgment is affirmed.