## Adams v. Parish, et al.

(Decided November 23, 1920.)

### Appeal from Fulton Circuit Court.

1. Municipal Corporations—Motor Vehicles—Joint Tort Feasors.— One who is knocked down by an automobile in a public street and is run over by another car before he is able to arise, may maintain an action against both wrongdoers.

2. Appeal and Error—Contributory Negligence—Instructions.—It is reversible error to give an instruction on contributory negligence when there is no evidence that the plaintiff was guilty of negligence, either contributory or otherwise.

3. Trial—Contributory Negligence—Instructions.—An instruction upon contributory negligence which tells the jury that the plain-

tiff is not entitled to recover if he was guilty of contributory negligence does not correctly state the law, for one is not barred of recovery by contributory negligence unless his injury would not have occurred but for such negligence on his part.

4. Damages—One Blameless in Extricating Himself From Dangerous Situation.—The law holds one blameless when, in extricating himself from a dangerous situation which he did not create, but which was brought about by sudden peril, he strikes or injures another, because such acts are considered involuntary and one may do in such emergency the best he can to save himself.

W. J. WEBB and EDWARD THOMAS for appellant.

ROBBINS & ROBBINS and H. T. SMITH for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

While walking on the streets of Fulton in October, 1918, Lon Adams, a lawyer, was struck by a Ford automobile and knocked down and before he could arise was run over by a large car driven by a man by the name of Donahue and so injured that he lost one leg and was otherwise permanently disabled. He brought this case in the Fulton circuit court against the owners of the Ford car as well as the driver and also against Donahue to recover damages for his injury. Donahue was a resident at that time of Tennessee and no process was or could be served on him, so before the trial the case was dismissed as to Donahue without prejudice and prosecuted against the other defendants only. Defendants, H. B. Parish and Charles Holloway, compose a partnership firm doing an automobile sales and repairing business in that city, and the other defendant, George Church, the driver of the Ford car, was in their employ as a mechanic and trouble man.

On the day of the accident Church was driving a small Ford car belonging to Parish and Holloway eastward on Walnut street. Before he came to the intersection of Mulberry street he observed a large car approaching from the east. At this moment the Ford car was near the crossing of the Illinois Central railroad on Walnut and about seventy-five feet from the nearest edge of Mulberry street, while the big car driven by Donahue approaching from the east was about 100 feet from the east side of Mulberry street. Appellant Adams was walking along the pavement on the south side of Walnut street near the intersection of Mulberry street and proceeded to cross Mulberry street to the pavement

on the east side thereof. When he was within about four feet of the pavement on the east side of Mulberry street he heard the rattling of a car behind him, and quickly glancing backward he observed the Ford machine within about four feet of him, coming in his direction. Adams sprang towards the walk but before he could reach the pavement the Ford car struck him in the back and knocked him into Mulberry street, where his prostrate body was immediately run over by the big car driven by Donahue which approached from the east along Walnut street and suddenly turned into Mulberry street. The Ford car so struck him that it knocked his body into Mulberry street and he lay with his head next to the pavement and his feet towards the center of the street. Before he could spring up the other car passed over him and it was the last car that broke his leg and otherwise inflicted most of the painful injuries. The course of the Ford car is indicated on the accompanying map by a single black line, while that of the big Donahue car is indicated along Walnut street by two small black lines. The direction taken by appellant Adams is indicated by a dotted line and the place of the accident in the street where he was struck is indicated by an ''X.''

A trial of the case resulted in a verdict for the defendants and the injured man appeals, asking a reversal of the judgment for three reasons: (1) The verdict is contrary to and against the law and evidence; (2) the court erred in permitting incompetent and immaterial evidence to be introduced by the defendant and in refusing to allow plaintiff to introduce competent and material evidence in his behalf; (3) the court erred in its instructions to the jury especially in giving instruction No. 5, on the subject of contributory negligence.

There is little controversy about the facts, for it is admitted that appellant Adams was walking along the street at a place he was entitled to be and was exercising reasonable care for his own safety. He testifies that he, as he walked east on Walnut street, saw the big Donahue car coming west on the same street but he calculated that he would be able to cross the street without coming in contact with this big car, so glancing to either side he proceeded to cross the street without knowing that the Ford car was coming up behind him. There was no other vehicle approaching from either side. The Ford car gave no warning signal. In fact neither of the cars sounded a horn. It may well then be admitted that ap-

pellant was guilty of no negligence, contributory or otherwise; and the court committed prejudicial error in instructing the jury as to the law of contributory negligence. Moreover, the instruction given on that subject did not correctly state the law in such cases; for although a plaintiff may be guilty of negligence, yet if his negligence does not so contribute to his injury as that but for such negligence on his part he would not have received the injury, it does not bar a recovery; while the instruction given incorrectly told the jury that if it believed from the evidence that Adams failed to exercise ordinary care for his own safety and by reason thereof contributed to his own injury, it should find for the defendant. This was error. Chesapeake & Ohio Railroad Co. v. Connelly, 136 Ky. 601; Railway Co. v. Nelson, 28 R. 290.

Appellees contend that the driver Church was not guilty of negligence in the operation of the Ford car but that the Donahue car occasioned all the trouble and brought about the injury of Adams without the concurring negligence of Church. Indeed, their defense is that Church suddenly found himself in imminent peril from the big Donahue car and acting under the excitement of the moment and without time to deliberate dashed his car forward, striking Adams; that it was the only way of escape open to Church and he had a right, as a matter of self-preservation, to do the best he could to save himself. In brief of counsel it is said: "We think the principle of law is sound that holds that a man is not guilty of negligence when his act is brought about by sudden peril. He may do the wrong thing or make a mistake, and is not liable to the charge of negligence.  .  .  .  When a party acts in case of sudden emergency his act is considered an involuntary one. It has been many times decided by this court that where a person is placed in a position of peril by the negligence of another and is compelled to choose instantly what to do to save himself, he is not guilty of contributory negligence, even if he made a mistake in the action that he took."

The brief then proceeds with an argument that Church was not guilty of negligence. The principle of law relied upon is well stated in Moaks Underhill on Torts, as follows:

"The law presumes that an act or omission done or neglected under the influence of pressing danger, was done or neglected involuntarily.

"This doctrine would seem to be founded upon the maxim that self-preservation is the first law of nature, and that where it is a question whether one of two men shall suffer, each is justified in doing the best that he can for himself. Indeed, so far, has this doctrine been carried, that it is said, that if two shipwrecked persons attempted to save themselves by means of a plank which is not sufficiently large to sustain them both, one of them is justified in pushing the other off."

One of the most interesting cases sustaining the principle is Laidlow v. Sage, reported in 158 N. Y. 73, 44 L. R. A. 216, and cases there cited.

We regard the principle of law as sound but we doubt if it has application to the facts of this case. If it be admitted that Church was guilty of no negligence whatever, then the principle should be applied, but we think there are many facts in the record which would justify a jury in finding that Church was guilty of culpable negligence, rendering him and his co-defendants liable to Adams for the injury sustained, not alone by being struck by the Ford car, but for all injury which directly and proximately resulted therefrom, and which Adams would not have sustained but for the negligence, if any, on the part of the driver of the Ford car. In other words, if the Ford car negligently knocked Adams prostrate on the street and as a direct result thereof and before he could arise he was run over by the big Donahue car, appellees can not escape responsibility for all the injury suffered by Adams, even though Donahue was also negligent.

Granting that the streets where the accident happened were of the usual width and that Church, as he testifies, had his car under complete control and was driving at a very slow rate, there were several ways by which the accident to Adams could and should have been avoided. Church admits that he saw the Donahue car approaching from the east along Walnut street at a time when he was at least 75 feet from the intersection of Mulberry street, and when the big car was at least 100 feet on the opposite side of Mulberry street. He says he could have stopped his car in 10 feet and that the Donahue car was traveling fifteen or twenty miles an hour. The Donahue car was on the left hand side of the street, where it had no right to be, but there was plenty of room on the other side of the street for the Ford car to have passed without injury to any one because it was not shown that there was another vehicle or

person on that street in that vicinity. Of course, this would have required the Ford car to have turned to the left when the rules of traffic required it to turn to the right, but these rules are only for the protection of the traveling public and are made and enforced in the interest of safety and when they fail to promote safety they should be disregarded. Adams was walking along only a short distance in front of the Ford car and in plain view of Church, the driver. His back was to the Ford car and he did not see it or know of its approach until he heard it rattling within a few feet of his heels, when he sprang towards the sidewalk. Another way of escape open to Church, as he had his car under complete control, was to turn into Mulberry street near the west side. He would thus have avoided both Adams and the Donahue car; but a still better way would have been for the Ford car to have stopped about the time it came to the west side of Mulberry street, and had it done so there would have been no accident whatever to Adams or to the car and Church would have been entirely safe; but having neglected to take advantage of either of these opportunities of avoiding injury to Adams and the collision with the big car, Church could have easily avoided a collision with the big car and an accident to Adams by sounding the horn on the Ford car, thus warning both Donahue and Adams of the threatened danger. Had such a signal been sounded by Church as the Ford car approached the west side of Mulberry street, Adams would have had ample opportunity to have reached a place of safety and according to his proven alertness and agility no doubt would have been on the pavement long before the Ford car reached the point where it came in contact with his body. While the facts seem to warrant the conclusion that Donahue was guilty of the very grossest negligence in the management of the big car, we are wholly unconvinced that Church was not guilty of actionable negligence in the management of the Ford car for, if he failed to exercise ordinary care as he approached the point of the accident and by reason of such failure he placed himself and the Ford car in sudden peril, he had no right, in order to extricate himself, to imperil or injure Adams, in making his escape. If, however, he was without negligence in approaching the place of the accident and should bring himself within the rule governing cases of sudden peril, as applied in the Russel

Sage case, *supra,* and as stated in Moaks Underhill on Torts, then he stands exonerated.

It was the duty of Church as he approached the place of the accident, observing the movements of the big Donahue car, and Adams making his way across Mulberry street, to have exercised every reasonable precaution, consistent with safety to himself, to avoid injury to Adams; and if he failed to perform these duties he and his co-defendants are liable. One of his duties was to sound an alarm so as to have apprised Adams of the approach of the car if he did not already know thereof. Such a signal no doubt would have averted the accident. From the evidence it appears that the Donahue car would not have struck or injured Adams but for the fact that the Ford car struck and threw Adams into the street.

As Adams was guilty of no negligence the court erred to his prejudice in instructing the jury as to the law of contributory negligence. It is argued by counsel for appellees that while instruction No. 5 did not correctly state the law, it was not prejudicial and it is also intimated that even though it was improperly given, it could not have prejudiced the appellant's cause. But since the jury found against appellant it would be utterly impossible to tell whether it did so on account of the erroneous instruction given on contributory negligence or upon one of the other instructions presenting the defendant's theory of the case. On another trial if the evidence is in substance the same as upon the last trial the court will not instruct the jury on the law of contributory negligence.

Judgment reversed for a new trial not inconsistent with this opinion.