## Davis, Agent, et al. v. Britt.

(Decided October 9, 1923.)

### Appeal from Kenton Circuit Court (Common Law and Equity Division).

1. **Appeal and Error—No Prejudice from Method of Substituting Director General of Railroads, as Defendant.**—Where action was instituted against a railroad, and thereafter, before answer was filed, the petition was amended so as to make the Director General of Railroads a party defendant, and the railroad was dismissed, and, issue being joined, the trial proceeded as though the railroad company had never been a party, the Director General was not prejudiced by the method by which he was made a party.

2. **Railroads—Negligence and Contributory Negligence at Crossing Held for Jury.**—In an action for destruction of automobile, stalled at crossing alleged to be defective, whether the railroad was negligent, and plaintiff did all that was required of him in attempting to flag the train, held for the jury.

3. **Parties—Insurance Company Not Necessary Defendant in Action for Destruction of Automobile.**—In an action against a railroad for destruction of an automobile at a crossing, the insurance com-

pany which carried policy on the automobile was not a necessary party.

4. Trial—Avowal on Offer of Photographs Held Insufficient.—In action for destruction of automobile at railroad crossing, where the only question was whether the crossing was in good or bad condition, the court did not err to the prejudice of the defendant in excluding photographs of the crossing, where the photographer who made them was not a witness, and counsel for defendant avowed that he would be able to prove that the photographs in question properly set out the location of the crossing, and of the curve, and of the track from the crossing northward to the cattle gap and bridge, etc., it being of no importance on the trial as to the curve of the track shown in the photographs, nor that the pictures set out the location of the crossing; the purpose of an avowal being to enable the court to know what a witness would state in answer to the question propounded and to inform the court what the interrogator would prove contrary to the testimony given at the trial.

B. D. WARFIELD and S. D. ROUSE for appellants.

C. A. SCHROETTER, C. B. SHIMER, F. M. DRAKE, GORDON & LAURRENT and D. COLLINS LEE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellee, Britt, with a companion was driving a Stearns-Knight, 8 cylinder automobile along one of the highways in Kenton county which crosses at grade a track of the L. & N. railroad, and when the car passed over the first rail of the track of the company it dropped into a rut, as appellee Britt contends, and stuck so that it could not be removed by him and his companion and those whom he called to help, and while thus stalled one of the freight trains of appellant company came along at a high rate of speed and demolished the automobile which is alleged to have been of the value of $2,000.00. A jury trial resulted in a verdict in favor of appellee Britt for the sum of $1,500.00 against the company and the latter appeals, urging a reversal of the judgment upon several grounds.

The action was instituted by Britt against the L. & N. Railway Company. After some delay but before the answer was filed the petition was amended so as to make the Director General of Railroads party defendant. Of the action of the court in allowing the amended petition to be filed and in overruling defendant's demurrer to it

as well as the motion to elect, appellant complains. The railroad company on its motion was dismissed, and the trial proceeded against the Director General alone. After being summoned the Director General filed answer and made defense just as though he had been the only original defendant in the case. He presented and had opportunity to present every defense he had to the suit. Issue being joined the trial proceeded as though the railroad company had never been a party. It is impossible for this court to see how appellant was or could have been prejudiced by the method by which he was made party defendant in the proceeding, all the facts considered.

The second complaint of appellant is that the court erroneously overruled his motion for a directed verdict in his favor, it being made to appear that if there was a defect in the road crossing, which caused or contributed to the automobile stalling thereon, appellee Britt was contributorily negligent as a matter of law in not flagging the train and preventing the accident. Appellant argues in one part of his brief that it was not the duty of the train operators to keep a lookout ahead of the engine for persons on the track at a point other than the road crossing, and yet he argues in another part of his brief that appellee, Britt, was negligent in not going up the track and giving signal in time to stop the train before it struck his automobile. These arguments do not appear consistent.

The evidence shows, however, that after the car had stalled upon the railroad track appellee and his companion alighted and examined the car and then tried to move it off the track. The engine was started and they tried to push the car off the track but could not do so. They then tried to roll it off the track, but being unable to do so they called some men who were passing with a lantern and asked them to come and assist them in removing the car. These passers-by responded and gave their aid, and all four were unable to remove the car from the track owing, as appellee contends, to the deep rut into which the car had fallen on the crossing. Later they sent for a neighbor and his horse, harness and chain to come and help pull the car off the track. When the horse was hitched to the car the men assisted in pushing at the car and all tried to take it off the track but were unable to do so. In this effort the chain to which the horse was hitched, and which chain was attached to the car, broke.

While, they were preparing to hitch the horse to the car a second time appellee and others heard the approach of a train when one of his companions at his suggestion took the lighted lantern and ran down the track for the avowed purpose of signalling the train, to stop Paul, who had the lantern, testified he did signal the train. If he did the train crew failed to stop or check the train and it passed over the road crossing, striking and demolishing the automobile.

From the evidence of appellant there was a very defective crossing. It had holes in it into which the wheels of his car fell, and being against the rail or planks near the rail he was unable to move the car out. His testimony tends to show that the slag between the ties under the track had been removed or worn away to such an extent that holes were left sufficient in size to receive the tires of the car. There is other evidence tending to show that the crossing was in bad condition. The accident happened at night. Appellee, Britt, was not acquainted with either the road or crossing at that place.

For the Director General it is shown by those who had the track in charge at that point that it was in good condition and safe for the passage of automobiles and other vehicles. It is also in evidence that the section crew were working on the track near the road crossing in question but had not reached the crossing at the time of the accident; that later they repaired the crossing but just when is not made certain. Whether the railroad crossing was in good or bad condition was the only question of fact before he jury. The court submitted this question of fact alone by its instructions to the jury. There was evidence of the defective condition in the crossing sufficient not only to carry the case to the jury but to support the verdict.

Another insistence of appellant is, that the insurance company which carried a policy of $1,000.00 on the destroyed automobile should have been a party to the action so as to protect the railroad company against the insurance company. The Director General in charge of the railroad at the time was the only necessary defendant. Certainly Britt, the owner of the car, was the only necessary plaintiff. We think this contention is without merit. Henderson T. T. Co. v. Owensboro T. & T. Co., 190 Ky. 322.

Appellant also insists that the court erred in excluding photographs of the crossing which he offered as evidence in his behalf. The photographs were made a part of the record and are before us. The photographer who made them was not a witness. When they were offered as evidence appellee objected to their introduction and the court sustained the objection; thereupon counsel for the Director General made the following avowal:

"I offer photographs 1, 2, 3, 4, 5 and mark them 'A,' 'B,' 'C,' 'D,' and 'E.' I will renew that tender after the noon hour, and avow that I will be able to prove by this witness that the photographs in question properly set out the location of the crossing, and of the curve and of the track from the crossing northward to the cattle gap and bridge. The court: Let the record show then that the witness is not a photographer and did not make the photographs offered in evidence. Mr. Rouse: And of the crossing itself."

It will be noticed, however, that the avowal made by counsel as to what the pictures would show is concerning a matter of no importance whatever in the trial. The only question was whether the crossing was in good or bad condition, or at least whether it was in such bad condition as to be calculated to stall an automobile or cause it to stall in the manner testified by appellee Britt. It was of no imporance whatever on the trial as to the curve of the track shown in the photographs nor that the pictures set out the location of the crossing. As stated in the case of Finnell v. Frisch, Admr., 192 Ky. 535:

"The purpose of an avowal is to enable the court to know what the witness would have stated in answer to the question propounded and to inform the court what the interrogator would prove contrary to the testimony given at the trial. The avowal referred to did not meet the requirements of the rule. The avowal should have read in substance 'that if the witness were permitted to testify he would state and same was true.' "

The avowal in this case did not meet the requirements of the rule. The court did not err to the prejudice of appellant in rejecting the photographs.

There was no substantial error in the instructions to the jury by which the court submitted the case.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.