## Louisville & Nashville Railroad Company v. Croft.

(Decided February 5, 1924.)

### Appeal from Christian Circuit Court.

1. Railroads—Error to Authorize Recovery for Failure to Warn Traveler Aware of Approach of Train.—In an action for damages for destruction of automobile at crossing, the court erred in its instructions in authorizing a recovery for a failure to give warning of the approach of the train; it appearing that plaintiff knew of the approach of the train and was endeavoring to cross the track before it arrived.

2. Railroads—Evidence of Negligence as to Automobile at Crossing Held Insufficient for Jury.—In an action for destruction of automobile at railroad crossing, the court erred in authorizing a recovery for a failure to exercise ordinary care to avoid injuring the machine after its presence on the track was discovered or could have been discovered by the exercise of ordinary care, where the collision occurred in the nighttime and, due to a curve in the

track, the headlight did not cover the crossing until very close thereto, though there was opinion testimony for the plaintiff that the machine could have been seen for a distance of 900 feet. :

3. Railroads—Statute Held to Require Maintenance of Crossing.—Ky. Stats., section 768, subsection 5, requiring railroad to . construct crossing of planks or other suitable materials which shall be at least as high as .the rails crossing the . highway, requires maintenance as well as construction.

4. Railroads—Issue of. Failure to Maintain Crossing Properly Submitted.—In an action for destruction of automobile at crossing, where there was not only evidence of failure to maintain crossing planks as high as rails, as required by Ky. Stats., section 768, subsection 5, but also of other defects in the crossing, the court did not err in submitting the case under both the common law and the statute.

5. Railroads—Instruction on Traveler's Duty at Defective Crossing Held Erroneous.—In an action for destruction of automobile at crossing, court should not have given an instruction authorizing a finding for defendant if plaintiff knew, or by the exercise of ordinary care could have known, that the crossing was not in a reasonably safe condition for public travel, and failed to use such care, and such failure was the proximate cause of the injury, since the driver of a machine on a public highway is not required to adopt some other route for reaching his destination because of defects in planking at crossing, having the right to use the crossing subject to the limitation that he must use such care as an ordinarily prudent person would use under the same or similar circumstances.

B. D. WARFIELD, JOE McCARROLL and S. Y. TRIMBLE, for appellant.

WHITE & CLARK for appellee.

ᵢOPINION OF THE COURT BY JUDGE CLAY—Reversing.

Hanson Croft brought this suit against the Louisville & Nashville railroad company to recover damages for the destruction of his Ford sedan. From a verdict and judgment in his favor for $550.00 the company appeals.

At the time of the accident appellee was. traveling north on the Madisonville road, which runs parallel with the company's tracks from Kelly's station. At a point about a half mile from Kelly's station the railroad tracks cross the Madisonville road on a curve. When he got within a few feet of the crossing, the train whistled for Kelly's station, and he knew it was coming. Just as the front wheels were on the crossing, the signal board by the track fell, but the signal did not ring. The front wheels of his automobile crossed the east rail of the track

all right, but when they reached the west rail, the steering wheel was knocked out of his hands, because one of the front wheels crossed the west rail but the other struck the rail and caused the car to skid down the track and to catch between the crossing plank and the west rail, which was three or four inches above the plank. When this occurred the engine went dead, and neither he nor his companion was able to crank the car or to shove it off the track before the train arrived. There was further evidence that the train was traveling about forty miles an hour, and that some of the ballast had worked out from between the rails. Appellee further testified that the machine could have been seen by one on the engine for a distance of about 900 feet.

Instruction 1 authorized a recovery for a failure to ring the bell or sound the whistle, and instruction 2 authorized a recovery for a failure to use ordinary care to avoid injuring the machine after its presence on the track was discovered, or could have been discovered by the exercise of ordinary care. By instruction 3 the case was also submitted under the common law rule requiring the company to maintain the crossing in a reasonably safe condition for public travel, and by instruction A under the statutory rule requiring the company to construct the railroad crossing of planks or other suitable materials which should be at least as high as the rails crossing the highway. Kentucky Statutes, section 768, subsection 5.

Instruction 1 authorizing a recovery for a failure to give warning of the approach of the train should not have been given. Appellee knew of the approach of the train and was endeavoring to cross the track before it arrived. This he claims he could have done had it not been for the defective condition of the crossing. It is therefore clear that the failure to ring the bell or sound the whistle was not the proximate cause of the accident. C., N. O. & T. P. Ry. Co. v. Harrod's Admr., 132 Ky. 445, 115 S. W. 699; L. & N. R. R. Co. v. Taaffe, 106 Ky. 535, 50 S. W. 850.

We also conclude that it was error to give instruction 2, authorizing a recovery for failing to use ordinary care to avoid injuring the machine after its presence on the track was discovered, or could have been discovered by the exercise of ordinary care. It is true that appellee says that the machine could have been seen for a distance of 900 feet. It may be true that if the track had been

straight and the accident had happened in the daytime the machine could have been seen for that distance. Even then it is extremely doubtful whether the engineer could have told that the machine was stationary and have stopped the train, which was moving at the rate of forty miles an hour, within that distance. But the accident happened in the nighttime and the tracks curve at the crossing. The engineer and fireman say that as the train approached, the light from the headlight did not cover the crossing, and although they were keeping a lookout, they did not and could not discover the presence of the machine on the track until the distance was so short that it was impossible to stop the train. This evidence as to the actual conditions prevailing at the time of the accident was uncontradicted, and the mere opinion as to how far one could see in the daytime was not sufficient to make the question one for the jury.

Instruction A is attacked on the ground that the statute on which it is based applies only to the original construction of the crossing, and not to its maintenance. It is sufficient to say that the question has been put at rest by the cases of Paducah & E. R. Co. v. Commonwealth, 80 Ky. 147, and Commonwealth v. L. & N. R. R. Co., 109 Ky. 59, 58 S. W. 478, where it was held that the duties imposed included maintenance as well as construction. Doubtless if the only evidence of negligence had related to the height of the rail about the planks, the proper course would have been to submit either under the common law or the statute, but not under both. Inasmuch, however, as there was evidence of other defects in the crossing, aside from the height of the rail above the planks, the court did not err in submitting both theories.

In view of another trial, it is proper to say that instruction 6 should not be given. It authorized a finding for defendant, if plaintiff knew, or by the exercise of ordinary care could have known, that the crossing was not in a reasonably safe condition for public travel, and failed to use such care, and such failure was the proximate cause of the injury to his machine. The driver of a machine on a public highway is not required to stay away from home, or adopt some other route for the purpose of reaching there merely because a portion of the ballast has been taken up from between the rails at a railroad crossing, or one of the rails is higher than the planks. On the contrary, he has the right to use the crossing subject to the limitation that he must use such care as an ordinarily

prudent person would use under the same or similar circumstances.

We find no other error in the record.

Judgment reversed and cause remanded for a new trial consistent with this opinion.