# Chesapeake & O. Ry. Co. v. Pope.

Dec. 17, 1943.

LeWright Browning for appellant.

J. W. McKenzie and Martin & Smith for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

Three tracks of the Big Sandy Division of the appellant Railroad Company cross 34th or Plum Street in Catlettsburg at right angles. The sidewalk is constructed of a composition known as "amesite," and when the accident involved occurred it had disintegrated and crumbled away along the edges. There was a hole in the paving 3½ to 4 inches wide and about 6 inches deep on the inside of and next to the outer rail of the eastbound track. On the morning of March 21, 1941, the appellee, Homer Ross Pope, was walking south and started across the tracks as a train was approaching. He accelerated his pace and was running to beat the train across when his right foot caught in the hole inside the last rail of the last track and he was thrown prone upon his face. The train, a long freight, was sev-

eral hundred feet away, running about 25 miles an hour. He could not extricate his foot in his prostrate position and tried to wave down the train when it was about 200 feet away. The engineer apparently did all that could be done to stop it but it passed over and cut off Pope's leg. There is variation in the testimony as to the distance of the train from the crossing when the plaintiff started across the tracks, when he fell and when he tried to wave down the train; one witness saying it was at the latter time "about a square away." But we think the above is a fair statement of the occurrence. It is as least as favorable to the appellant as the circumstances justify.

Pope rested his cause upon alleged negligence in maintaining the crossing. The defendant traversed the allegations of the petition and pleaded contributory negligence. The verdict and judgment were for the plaintiff in the sum of $12,500.

The argument of the appellant that the court should have directed a verdict in its favor is rested upon the plaintiff's contributory negligence. We dispose of the case upon the hypothesis the plaintiff would be barred but for the fact that he was caught and stopped by the hole in the sidewalk. It is well established in the usual railroad cases that where one knows a train to be approaching close by and undertakes to cross ahead of it and is injured by the train, he is guilty of contributory negligence as a matter of law and cannot recover damages of the railroad company no matter how negligent the defendant might have been in the operation of the train. Barrett's Adm'r v. Louisville & N. R. Co., 206 Ky. 662, 268 S. W. 283; Louisville & N. R. Co. v. Lefever's Adm'x, 288 Ky. 195, 155 S. W. (2d) 845. Closer to the present case are instances where an automobile stalled on the track and the question of liability was resolved wholly to that of negligence under the last clear chance doctrine. The analogies of all those cases, however, fail because the questions were as to the negligence of the railroad company in the operation of the train and the contributory negligence of the plaintiff in going upon the track. We note briefly three of our cases upon which the appellant especially relies as having authorized a peremptory instruction to the jury to find for it.

In Greshem's Adm'r v. Louisville & N. R. Co., 24 S. W. 869, 15 Ky. Law Rep. 599, a boy was killed by a

train while attempting to pass in front of it. He tripped on some object and fell, otherwise he would have gotten across safely. The boy was a trespasser and could not rely upon the failure of the train to comply with a statute and stop at an intervening crossing of another railroad track. The case is distinguishable because there was no negligence upon the part of the railroad company in relation to the object causing the boy to fall.

In Clere's Adm'r v. Chesapeake & O. R. Co., 253 Ky. 700, 70 S. W. (2d) 16, a motorist drove in front of an approaching train and his car stopped on the track. While there were holes or "duck nests" in the street, its bad condition for travel did not cause the automobile to stall. A passenger in the machine got out and while endeavoring to get out of the way of the train caught his foot in an electric signal wire connecting the ends of two rails and was thrown down. His leg was cut off by the train and he died from his injuries. We held the decedent's fatal situation was of his own making, but that the case should have been submitted to the jury under the rule of the last clear chance. There was no negligence relating to the wire which caused the man to fall.

Franklin v. Louisville & N. R. Co., 267 Ky. 577, 102 S. W. (2d) 1010, was where a motorist tried to beat the train across and his car stalled. There was no intervening or additional cause of the accident.

These and many other cases like them may be said to come within the rule thus epitomized in Poole v. Lutz & Schmidt, 273 Ky. 586, 117 S. W. (2d) 575, 576: "One who chances a risk or risks a chance and loses must suffer the consequences." But did the pedestrian in this case risk the chance of having his foot caught in a trap laid for the unwary? No question is made of proven negligence of the Railroad Company in permitting this hole to remain in the sidewalk. It may be supposed that the plaintiff, as a mail carrier who passed along this way daily, knew the hole was there. But in this jurisdiction a pedestrian may "walk by faith" on a public sidewalk, using reasonable care for his own safety. He is not obliged to anticipate negligence on the part of anyone else. Foreman v. Western Union Tel. Co., 228 Ky. 300, 14 S. W. (2d) 1079. The fact that he knows generally of a defective condition in it does not of itself constitute conclusive evidence of negligence on his part.

City of Paintsville v. Spears, 242 Ky. 762, 47 S. W. (2d) 727; Krieger v. Louisville Water Co., 272 Ky. 746, 115 S. W. (2d) 286. It is a matter to be considered on the question, but that a pedestrian walked fast or ran on a sidewalk is not negligence per se.

We cannot accede to the argument of the appellant that the obvious fact that the plaintiff would not have been injured but for his negligence in going upon the track in front of the oncoming train bars a recovery for his damage because that negligence concurred with the defendant's negligence. "To constitute contributory negligence, exempting the defendant from liability, it is as necessary that the plaintiff's negligence should be a proximate and not a remote cause, efficiently contributing to the injury or damage, as it is that defendant's primary negligence, to impose liability, should be a proximate and efficient cause." Shearman and Redfield on Negligence, Section 78. Before he may be barred from recovery of damages it must be shown that his conduct was a causal contribution, i. e., an act without which the injury would not have occurred. If he was negligent merely in creating the condition of the accident, and no more, he is not barred. Adams v. Parish, 189 Ky. 628, 225 S. W. 467. Here there was no continuance or sequence between his negligent act in going across the tracks and the injury, for the continuity or connection was broken by the supervening independent negligence of the defendant manifested by the hole in the sidewalk. There was no succession of events linked together so as to make a natural whole, and the intervening negligence of the defendant superseded the prior wrong of the plaintiff as the proximate cause of the injury. 38 Am. Jur., Negligence, Secs. 56, 67, 68, 70. The plaintiff's negligence related to the operation of the train and it could not be said to have been contributory for there was no negligence at all on the part of the railroad company in that respect. His negligence in undertaking to beat the train across had ceased or been exhausted, or practically so, when the supervening negligence of the defendant in permitting the trap-like hole to remain in the sidewalk operated to throw him down and inextricably hold him as in a steel trap. But for that hole he would have safely crossed for he had to make only another step or two to get out of the way of the slowly moving train, then 200 or 300 feet or perhaps farther away. The hole was the proximate cause of the

accident. City of Louisville v. Bridwell, 150 Ky. 589, 150 S. W. 672; City of Ashland v. Williams, 203 Ky. 300, 262 S. W. 273; Annotations, 104 A. L. R. 1234. The negligence of the plaintiff in connection with it, if any, was only his failure to avoid it by the exercise of ordinary care for his own safety, as above discussed.

Quite like the present case is Samkiwicz v. Atlantic City R. Co., 82 N. J. L. 478, 81 A. 833, 39 L. R. A., N. S., 571, Ann. Cas. 1913C, 1363, where a pedestrian caught his foot between the rail and planking and could not get it loose before a freight train reached him. In holding that it was proper to refuse a request to charge the jury that if the plaintiff went under the crossing gates ''he took all chances * * * and cannot recover,'' the court said: ''This request assumes that in all cases where it appears that a person is injured while undertaking to cross a railroad on a public highway, when the crossing gates are down, a conclusive presumption arises that he is guilty of contributory negligence, and that he takes all the chances of being injured, without considering any other fact pertinent to the issue to be determined. In deciding the legal propriety of a request to charge, its relation to the facts proven in the particular case must be considered. The gates when down give warning that a train is approaching, but if one seeing he has ample time to cross, attempts it, and is prevented by some negligent act of the railroad company from proceeding, so that he cannot escape from the track until he is injured, it could not be said that he was guilty of contributory negligence, for the immediate cause of the injury was the negligent act of the defendant. In the present case the uncontradicted proof is that plaintiff could have safely crossed, but for the alleged negligence of the defendant in not maintaining the crossing in a reasonably safe condition. The request refused eliminates every condition other than that relating to the situation of the gates, and would amount to a direction for defendant if in fact the gates were down when plaintiff undertook to cross the track. In passing upon the question of contributory negligence the jury would have the right to determine whether the plaintiff had acted as a reasonably prudent man should when, as he testifies, the freight train was about a quarter of a mile away at the time, with the engine at the end of the train farthest from plaintiff, a circumstance which led him to think that it was likely to move the other way, and that he could cross

in safety if the crossing had been in good condition. The jury could well have inferred, under these and other conditions shown, that the plaintiff was not guilty of contributory negligence. It is not a sound legal proposition that the mere attempt of one on foot to cross over a railroad track at a highway crossing when the gates are down, in doing which he is injured, raises a conclusive presumption that 'he took all chances of the injury and cannot recover.' That the gates are closed is a circumstance to be taken into account in determining whether, under all the facts, he was negligent in not observing the warning thereby conveyed, but it does not conclusively convict him of contributory negligence.''

All of the quotation is pertinent and applicable.

There appears to be no domestic case with similar facts involving a pedestrian. In Illinois Cent. R. Co. v. Crockett, 79 S. W. 235, 25 Ky. Law Rep. 1989, a man's heel was caught in a switch frog on a street crossing and his leg cut off, but the case was rested upon negligence of the trainmen in not discovering his peril. The foreign cases relied upon by appellant are distinguishable. We may note those which are more nearly in point.

In Bunton v. Atchison T. & S. F. R. Co., 100 Kan. 165, 163 P. 801, 803, a motorist drove in front of a train approaching at 60 miles an hour on a dangerous and defective crossing. He had only two or three seconds to get across in any event. His car stalled immediately on entering upon the crossing. The court found ''The plaintiff sought to negotiate the crossing ahead of the train by too narrow a margin, however negligent the railway company may have been in permitting a depression of three inches between the rails and planks at the railroad crossing, or however steep the grade, and however muddy the approach to the crossing might be. * * * No prudent man would attempt to cross a railroad track in front of a train going 60 miles an hour on a margin of two or three seconds for safety; still less where the road was muddy and the crossing grade steep and slippery.'' In short, the defective crossing was not the proximate cause. The heedlessness of the plaintiff in going upon the track when he did was so great as almost to constitute an effort to commit suicide.

In Akerson v. Great Northern R. Co., 158 Minn. 369, 197 N. W. 842, 845, a pedestrian was hastening to

pass in front of a train near to but not at a crossing. It was held by a majority opinion that he was guilty of contributory negligence as a matter of law even though he stumbled or slipped and fell. There may have been an accumulation of ice and cinders on the crossing. The court commented: "The chance of a slip, stumble, or fall in front of a closely approaching passenger train is one of the things which a pedestrian cannot take, and at the same time be considered in the exercise of due care. It is not permitted to calculate so closely the chances of coming off victorious in such a race with a passenger train."

That is good law, but unlike the instant case there was a natural condition, of which the pedestrian was chargeable with notice. There was no hole negligently permitted to exist to trap the plaintiff's foot.

Both parties cite Landers v. Erie R. Co., 6 Cir., 244 F. 72, 73, 75. There was some confusion in the evidence as to the real facts. The pedestrian was passing in front of a train diagonally across the portion of the street intended for vehicles under circumstances which could clearly have been negligence on his part. At one spot for a foot or two the edge of the plank next to the rail had worn away so as to leave three or four inches between a rail and the plank along the inside of the rail. When the train had passed, the pedestrian's shoe, unfastened, was found forced into this depression so that it was removed with difficulty. The court found or, as it suggested, surmised as plaintiff contended, that his foot had been caught in the hole before it was struck rather than that it was afterwards pressed in by the flange of the wheel. The court did not agree with the plaintiff's conclusion upon the premise that his foot had been caught in the hole that it must be held the pedestrian's contributory negligence was thereby obviated or afforded some reason for doubting the existence of contributory negligence. It was observed: "If the traveler starts across the track far enough ahead of the oncoming engine so that there may be reasonable doubt of his great carelessness, the fact that his foot becomes caught in a defect is of evidential force in disputing the inference of negligence otherwise tending to arise from his failure to get across successfully; but where, as here, his action in trying to cross would raise an indisputable presumption of negligence, if the path were smooth and

perfect, that presumption cannot become disputable because the path turns out to be defective."

Continuing the court reasoned: "It is doubtless true that there are circumstances where the existence of a defect in the crossing, which caught a traveler who had negligently attempted to cross, and held him until he was hit, would serve to support a recovery; but this, it would seem, must be either because the engineer was not diligent in stopping after he saw the traveler's predicament (Dickson v. Chattanooga Ry. & Light Co. [6 Cir.], 237 F. 352, 150 C. C. A. 366 [L. R. A. 1917C, 464]), or because the holding, in what proved to be the trap, was long enough continued so that the contributory negligence in attempting to cross might be thought to have exhausted itself, and to have been superseded by defendant's existing and continued negligence in maintaining the trap, so that thus it might be said that the contributory negligence was no longer a concurrent cause. The circumstances of this case lend no support to this theory. If there were a catching and holding, they were practically only instantaneous. The result was only that which would have followed almost any kind of misstep. To say that defendant's maintenance of the defective crossing was a supervening or proximate cause, taking effect after the contributory negligence had ceased to have its normal consequence, would be to substitute theories for facts."

The facts of that case distinguish the decision. The facts of this case would seem to bring it within the court's view as to when there might be a recovery. Here the man's foot was inextricably held as in a vise long enough so that his initial contributory negligence was superseded by the defendant's negligence in relation to the hole. It is probable if he could have arisen he might have released it, but the emergency and condition were such that he doubtless felt it better not to arise and risk his entire body and his life. It would be unjust to say he should have done otherwise, for where one is so situated by reason of the negligence of another he is not held accountable for not having done something else which might have saved him from harm by an instrumentality of the negligent one. He was not required by law to do the best thing, but only that which would fairly be expected of one of ordinary prudence under the circumstances. Illinois Cent. R. Co. v. Wilkins, 149 Ky. 35,

147 S. W. 759; Creasy v. Bunch, 232 Ky. 56, 22 S. W. (2d) 446; Commonwealth v. Bowman, 267 Ky. 50, 100 S. W. (2d) 801.

The ruling of the trial court is supported by our statute and decisions. Under Kentucky Statutes, Section 768, Subsection 5, now KRS 277.060 (2), requiring a railroad company by reason of its servitude to construct and maintain street or road crossings in such way as to make them reasonably safe for travelers, the company has the duty to keep a sidewalk crossed by its tracks in a reasonably safe condition for pedestrians. Louisville R. Co. v. Jackey, 237 Ky. 125, 35 S. W. (2d) 28; Cincinnati, N. O. & T. P. R. Co. v. Terry, 267 Ky. 707, 103 S. W. (2d) 65. In Davis, Director General v. Britt, 200 Ky. 413, 255 S. W. 68, an automobile stalled and was fastened tight by a defective crossing. It was demolished by a train. We held it proper to have submitted only the question of negligence in maintaining the crossing. Louisville & N. R. Co. v. Cayce, 271 Ky. 467, 112 S. W. (2d) 682, 683, is a like case. We held the motorist was not guilty of contributory negligence as a matter of law because he was not on the right side of the road when he approached the crossing but on the left side where the defect existed. In Louisville & N. R. Co. v. Croft, 201 Ky. 803, 258 S. W. 679, an automobile was demolished when stalled in front of a train because the rail was higher than the road and the ballast had worked out of place. The judgment for the plaintiff was reversed because of errors in the instructions relating to the defendant's duties in relation to the operation of the train. Other instructions pertaining to the plaintiff's duties were held too favorable to the defendant. It was held that the case should have been submitted only on the question of the defendant's negligence in the maintenance of the crossing. That was done here.

We are of opinion, therefore, that the court committed no error in overruling the defendant's motion for a peremptory instruction.

The first instruction is as follows: "If you believe and find from the evidence that at the time and place of the accident the crossing, as a direct result of negligence of the defendant, its agents or servants, in constructing or maintaining same, was not in a reasonably safe condition for the use of pedestrians, and that defendant, its agents or servants in charge of the main-

tenance of said crossing knew, or by the exercise of ordinary care could have known, of such unsafe condition for sufficient length of time before the happening of the accident, to have enabled them to have put same in reasonably safe condition before the accident, and that with such knowledge, or means of knowledge, they carelessly and negligently failed to do so, and further believe and find from the evidence that as a direct result of the unsafe condition of said crossing and of negligence of the defendant, its agents or servants, in construction or maintenance thereof, the plaintiff's foot, while he was using the crossing, was caught in a hole or depression therein, directly resulting in injury to plaintiff's foot by the locomotive and train of the defendant, you will find for the plaintiff; unless you so believe from the evidence, or if you believe from the evidence as indicated in Instruction No. 2, you will find for defendant.''

The appellant criticizes the instruction only in the particular that it predicated liability upon negligent construction of the crossing since there was neither pleading nor proof of such. It would not be very far off to infer that it was faulty construction to use material that would disintegrate or shuffle off so as to leave a hole which would permit a man't foot to be caught between the edge of the paving and the rail and hold it so fast that he could not immediately release it by reasonable effort, but we agree that the instruction to the extent criticized was not authorized. Louisville & N. R. Co. v. Bell, 276 Ky. 778, 125 S. W. (2d) 239. But we do not regard this as a prejudicial error. The condition spoke for itself and the jury could not have been misled by the inclusion of this factor in the instruction.

The second instruction dealt with contributory negligence of the plaintiff in failing to observe ordinary care generally for his own safety which may have "helped to bring about the accident.'' It was given on motion of the defendant and is correct. Louisville & N. R. Co. v. Croft, supra; Chesapeake & O. R. Co. v. Meyers, 150 Ky. 841, 151 S. W. 19. The appellant argues that this was all right as pertaining to the defect in the sidewalk but that there should have been given another instruction which it offered dealing with the plaintiff's contributory negligence in attempting to pass ahead of the train. No instruction predicating liability upon any negligence in relation to the operation of the train was given, and properly so, for reasons we have already

stated. We think the entire duty of the plaintiff was encompassed by the second instruction. We are of opinion also that the offered instruction to the effect that if the opening on the crossing was no larger than was reasonably necessary for the flanges of the wheels of railroad cars, the verdict should be for the defendant was properly refused. The facts in Louisville & N. R. Co. v. Jackson's Adm'r, 243 Ky. 59, 47 S. W. (2d) 941, distinguish the cases. The description of the hole, as we have already given it, and more vividly given the jury by the witnesses and photographs, makes it manifest that the space was larger than was reasonably necessary. It was a hole extending only a part of the way across the paving. The rest of the space was much smaller in width and depth and that obviously was sufficient.

The plaintiff introduced an ordinance of the city of Catlettsburg enacted in 1929 authorizing the reconstruction and relocation of defendant's line of railroad at this and other points in the city. It contained the provision that: "The said Railway Company shall maintain in proper condition with suitable approaches all existing grade crossings in said city of Catlettsburg not closed under the provisions of this ordinance." The argument is that this added nothing to the appellant's common-law duties and consequently the ordinance was without relevancy or materiality in the case. It is claimed in brief that the purpose of the introduction of the ordinance was "to reactivate old animosities." We think the ordinance was competent and material as showing the terms and conditions under which the railroad company ran its tracks across the sidewalk. Section 768, Kentucky Statutes, now KRS 277.060 (3), in describing the conditions under which a railroad company may run its tracks across public ways, provides that where it is "constructed upon any public street or alley, the same shall be upon such terms and conditions as shall be agreed upon between the corporation and the authorities of any city in which the same may be."

The judgment is affirmed.

Whole Court sitting.

Judge Sims dissenting.

From that part of the opinion which holds that the plaintiff was not guilty of contributory negligence as a matter of law I am compelled to dissent.

Inadvertently, the writer expressing the majority view does not state the facts as favorably to the railroad as I take them from the testimony of the plaintiff, himself. Plaintiff was talking to a friend and as the train approached he started for the crossing. He first started walking fast over the crossing carrying his mail bag and as he reached the westbound tracks he started trotting, and while still in a place of safety between the west and east bound tracks, he broke into a run to beat the train, which he testified was approaching between 40 and 50 miles per hour. Plaintiff's exact words on direct examination are: "I looked at the train, it was coming faster than I anticipated it was coming, I started running and fell just before I crossed the last rail, my foot hung in the track and I fell down. * * *"

"Q. For what period of time, you know how long you laid there struggling to get loose? A. I suppose three seconds or maybe four."

The majority opinion says plaintiff's "negligence in undertaking to beat the train across had ceased or been exhausted, or practically so, when the supervening negligence of the defendant in permitting the trap-like hole to remain in the sidewalk operated to throw him down and inextricably hold him as in a steel trap." With that statement I cannot agree. No prudent man handicapped with a mail bag over his shoulder would have attempted to run across the tracks in front of a train he knew was approaching at a speed between 40 and 50 miles per hour and near enough to run over him within three or four seconds if he fell.

His negligence in running in front of the train did not exhaust itself within a space of "three seconds or maybe four." This holding was but momentary and if the train had not been right upon him plaintiff could have extricated his foot immediately upon regaining his footing. In the circumstances in which his wanton disregard for his own safety had placed him any misstep on his part would have produced the disastrous result he suffered on this occasion. If plaintiff had not created the emergency by his heedlessness, he could have arisen and removed his foot within the space of a minute. But the prone position he was in made it next to impossible for him to extricate his foot and he could not afford to run the risk of arising to do this as the train was right on him.

Had the train been far enough away to have permitted plaintiff to cross the tracks in safety without running, as it was in the Samkiwicz case, 82 N. J. L. 478, 81 A. 833, 39 L. R. A., N. S., 571, Ann. Cas. 1913C, 1363, and had his foot been held a sufficient time to convert what appeared to be a reasonably safe crossing into a disastrous one, I would say his negligence in crossing in front of a fast approaching train had exhausted itself. But the law will not permit one to take chances in running in front of a train he knows is making 40 or 50 miles an hour when his margin of safety is reduced to three or four seconds and then recover against the railroad company when that slight margin is consumed by the company's negligence. The quotations in the majority opinion from the Samkiwicz case, supra, the Bunton case, 100 Kan. 165, 163 P. 801, and the Landers case, 244 F. 72, 73, all support this proposition and convince me that the plaintiff was guilty of contributory negligence as a matter of law.

Judge Thomas concurs in this dissent.