**Eddie Lewis TRAVIS, etc., Appellant,**

v.

**Edmund H. T. HAY, Jr., Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1961.

Harry S. McAlpin, Louisville, for appellant.

Kent McElwain, McElwain, Dinning, Clarke & Winstead, Louisville, for appellee.

WILLIAMS, Judge.

Eddie Lewis Travis, hereinafter referred to as plaintiff, was injured when he was struck by an automobile driven by Edmund H. T. Hay, Jr., hereinafter referred to as defendant. A jury returned a verdict against plaintiff, and this appeal is taken from the judgment of the Jefferson Circuit Court rendered on that verdict.

The facts related by plaintiff and his witnesses indicate that the accident occurred as he was proceeding from south to north across Louisville's Jefferson Street at its intersection with Eleventh Street. Jefferson Street had three eastbound and three westbound lanes. Plaintiff waited on the curb until traffic going east had passed and then walked to the center or dividing yellow line where he stopped to allow westbound traffic to pass. Defendant was driving a Volkswagen automobile in the center lane proceeding west and struck plaintiff while he was standing in the middle of the street, causing him injury.

Defendant testified that before reaching the intersection of Jefferson and Eleventh streets he was forced to move from an inner traffic lane to the left or center lane by a group of youngsters who were standing in the street hitchhiking. Upon changing lanes he shifted his automobile to a lower gear and remained in lower gear through the intersection and until the accident occurred. He stated there was a normal flow of traffic in each direction and that after passing through the intersection he saw plaintiff for the first time running in front of a car traveling in the eastbound center lane. He immediately applied his brakes and swerved away from plaintiff, but plaintiff ran into the left front side of his automobile. Defendant testified that plaintiff was several feet out of the crosswalk at the time, whereas plaintiff's witnesses stated that he was in the crosswalk.

Although certain portions of defendant's evidence were disputed by other witnesses, the jury chose to believe his story, and it cannot be said that the verdict was flagrantly against the evidence.

The plaintiff was ten years old at the time this accident occurred. A child between the ages of seven and fourteen is presumed incapable of being negligent, but the presumption may be rebutted by counter testimony. United Fuel Gas Co. v. Friend's Adm'x, Ky., 270 S.W.2d 946. No evidence was taken to rebut the presumption; nevertheless, the circuit court instructed that it was plaintiff's duty to exercise that degree of care which is ordinarily exercised by a child of his age, experience and mental capacity. The court also instructed on contributory negligence. Under the circumstances, those instructions were not authorized. Baker v. Sizemore, Ky., 338 S.W.2d 386. But, since plaintiff did not object on the ground that he was not proven capable of being negligent, we will not consider it further.

There was an objection made to the contributory negligence instruction given by the court which we feel is meritorious and will require a reversal of this case. That instruction reads as follows:

"If you believe from the evidence that the plaintiff, Eddie Lewis Travis, violated any one or more of the duties imposed upon him as set out in Instruction #2, and such violation on his part, if any, caused or helped to bring about the accident and the resulting injuries, if any, then the law in this case is for the defendant, Edmund H. T. Hay, Jr., even though you believe from the evidence that the defendant violated one or more of the duties imposed upon him by these instructions."

Plaintiff objected to that instruction on the ground that it did not advise the jury that negligence on the part of plaintiff must have been a proximate cause of the acci-

dent. He points out that the standard clause which is commonly used in contributory negligence instructions, to wit, "but for which the accident and injury would not have occurred," was omitted. It is the rule in this state that to constitute contributory negligence exempting the defendant from liability the plaintiff's negligence should be a proximate and not a remote cause, efficiently contributing to the injury or damage. Chesapeake & O. Ry. Co. v. Pope, 296 Ky. 254, 176 S.W.2d 876. See also Annotation 102 A.L.R. 411. It has been standard procedure to point out to the jury the requirement that plaintiff's negligence be proximate as contrasted to remote by employment of the phrase "that but for such negligence" the injury would not have occurred. In Adams v. Parrish, 189 Ky. 628, 225 S.W. 467, which was decided in 1920, this Court held an instruction erroneous because it failed to state that but for plaintiff's negligence the injury would not have been received. And in Ellis v. Glenn, Ky., 269 S.W.2d 234, 236, the rule is specifically stated as follows: "A plaintiff is guilty of contributory negligence if his negligence contributes to cause the accident to such an extent that but for such negligence the accident would not have occurred."

The instruction given here fails to meet the test. It informed the jury that if plaintiff failed to perform certain duties and such failure caused or helped to bring about the accident the law was for the defendant. Had the circuit court used only the word "caused" then plaintiff would have no complaint since that word, standing alone, connotes proximate or sole cause. By saying "caused or helped," on the other hand, the direction is weakened to the extent that any factor, however remote, which may have aided in bringing about the accident would be sufficient to deny plaintiff relief. The use of the "but for" clause in an instruction precludes a jury from finding against a plaintiff who has been negligent, but which negligence did not contribute as a proximate cause to the happening of the accident.

It is unnecessary to consider objections to the other instructions. On a new trial proof concerning plaintiff's capacity to be negligent will necessitate different instructions.

Judgment reversed.